[Crim. No. 4050. First Dist., Div. Three. May 17, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD RAY TEMPLE, Defendant and Appellant.

Werner D. Meyenberg, under appointment by the District Court of Appeal, and Lacey, Holbrook & Meyenberg for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny, John F. Foran and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The defendant was charged with a violation of Penal Code section 4530, escape from a state prison; he was convicted by a jury and appeals from the judgment.

Defendant was originally committed to the Youth Authority by the Superior Court of Marin County for armed robbery. He was later transferred by the Youth Authority to the North Facility of the Correctional Training Facility at Soledad, where the offense here involved took place.

On April 21, 1961, defendant was restricted to a security area in the North Facility which was surrounded by a security fence some 12 to 15 feet in height. For several weeks previous to April 21, 1961, defendant and several other inmates had planned an escape. About 6:30 p. m. on that day defendant and several other inmates proceeded to the patio located in the security area. They loitered in this vicinity for about an hour. Just after 7:30 p. m., which was the time the inmates were supposed to move from the yard area to the housing units, one of the prisoners said, "Let's go!" and defendant and several others began climbing the security fence.

Defendant climbed the fence and ran through the field beyond it. The guards turned on the spotlights and began shooting. Defendant fell to the ground and remained there until he was apprehended by the guards. The point at which he was apprehended was in the field beyond the security fence, but he had not yet reached the northern boundary of the prison property. Defendant declared that when he went over the security fence his intention was to get away from the prison and risk going home even though he might be caught.

After defendant had scaled the fence and was in the field he claimed that he changed his mind about escaping. Defendant admitted, however, that the shots fired by the guards was one of the reasons why he changed his mind.

 The defendant first contends that as an inmate committed to the Youth Authority and transferred by the Youth Authority to a state prison pursuant to section 1755.5 of the Welfare and Institutions Code he is chargeable only with the misdemeanor offense of escape pursuant to Welfare and Institutions Code section 1768.7, and may not be charged and convicted of the felony offense of escape pursuant to Penal Code section 4530. The defendant also complains of a claimed error by the court in an instruction to the jury, embodying the "limits of custody" rule as set out in *People* v. *Quijada,* 53 Cal.App. 39 [199 P. 854].

Welfare and Institutions Code section 1768.7 reads as follows: "Any person committed to the Authority who escapes or attempts to escape from the institution or facility in which he is confined is guilty of a misdemeanor."

Welfare and Institutions Code section 1755.5 allows the Youth Authority to transfer its charges to various state prisons under the jurisdiction of the Director of Corrections. It reads in part: ". . . the Director of Corrections may receive and keep in any of the said institutions any person so transferred thereto by the Youth Authority, with the same powers as if the person had been placed therein or transferred thereto pursuant to the provisions of the Penal Code.

"The provisions of Part 3 of the Penal Code, so far as those provisions may be applicable, apply to persons so transferred to and confined in the institutions. . . ."

Part 3 of the Penal Code contains section 4530, which makes an escape from a state prison a felony.

We think there is no validity in defendant's contention that because of his offense he can be charged only with a misdemeanor violation of Welfare and Institutions Code section

1768.7 and not the felony of escape described in Penal Code section 4530.

Welfare and Institutions Code section 1768.7 was enacted by the Legislature in 1945, and Welfare and Institutions Code section 1755.5 was passed in 1949. It is a fundamental principle of statutory construction that the earlier enactment in point of time must yield to the later one as being the last expression of the will and intent of the Legislature. (*People* v. *Dobbins,* 73 Cal. 257 [14 P. 860].)

The defendant argues that Welfare and Institutions Code section 1768.7 is a specific section of the law dealing with the subject of escape by persons committed to the Youth Authority and that since Welfare and Institutions Code section 1755.5 is a general statute, the specific enactment must control the general. (*County of Placer* v. *Aetna Cas. etc. Co.,* 50 Cal.2d 182-189 [323 P.2d 753] ; *Rose* v. *State of California,* 19 Cal.2d 713 [123 P.2d 505].) This rule of statutory construction is well settled and we do not take issue with it. We do not think it helpful to defendant here, however. Welfare and Institutions Code section 1768.7 is the general statute relating to escapes by persons committed to the Youth Authority. There are numerous facilities and institutions under the jurisdiction of the Youth Authority and subject to its control, and in keeping with its policy of less severe treatment for the youthful offender than the hardened adult criminal, the Legislature has enacted Welfare and Institutions Code section 1768.7 making escape from an institution under the control of the Youth Authority a mere misdemeanor. The Legislature demonstrated its specific intent, however, by the enactment of other statutes relating to escapes by persons initially committed to the Youth Authority and later transferred to an institution under the control of the Director of Corrections, or the joint control of the Youth Authority and the Director of Corrections. Thus, under Penal Code section 2042 it is a felony or a misdemeanor, depending upon the punishment imposed, to escape from the California Vocational Institution, and the same penalty is made applicable by Welfare and Institutions Code section 1257 for an escape from the California Youth Training School. Each of these statutes was passed by the Legislature after the enactment of section 1768.7 of the Welfare and Institutions Code. It seems apparent, therefore, that the Legislature, by enacting Welfare and Institutions Code section 1755.5, intended to deal with the specific situa-

tion of Youth Authority committees who are transferred from an institution under the control of the Youth Authority to a prison under the control of the Director of Corrections.

■ There is a further reason why Penal Code section 4530 applies to the defendant. The opening words of that section read: "Every *prisoner* confined in a state prison. . . ." (Emphasis ours.) Defendant was a prisoner confined in a state prison. (Penal Code, §§ 2045-2045.6.) Although defendant had been originally committed to the Youth Authority and later transferred to the prison at Soledad, this does not alter the fact that he was, at the time of his offense, a prisoner in a state prison within the meaning of Penal Code section 4530. In *People* v. *White,* 177 Cal.App.2d 383 [2 Cal.Rptr. 202], the defendant had first been committed to the Mendocino State Hospital as a psychopathic delinquent; he was later transferred to the Atascadero Hospital, then to the Medical Facility at Vacaville, and finally to San Quentin Prison. While in San Quentin he was charged with and found guilty of possession of a knife, in violation of Penal Code section 4502. The court rejected his argument that he was a patient, having been originally committed to a state hospital, and not a prisoner within the meaning of Penal Code section 4502. In the case now before us the defendant was at the time of his offense a prisoner legally confined in a state prison and we think Penal Code section 4530, by its plain and unambiguous language, is applicable to his offense.

■ There is no merit in defendant's final contention that the trial court did not properly instruct the jury. The court gave this instruction: "An escape is the unlawful departure of a prisoner from the limits of his custody even though he did not leave the prison property." The defendant seems to argue that since he did not get entirely off the prison premises he is not guilty of an escape. Since the decision in *People* v. *Quijada,* 53 Cal.App. 39 [199 P. 854] it has been the settled law of this state that an escape is the unlawful departure of a prisoner from the limits of his custody. Here the defendant was restricted to a certain area of the prison at Soledad. He had no permission to leave the area where he was confined; with others, and pursuant to a plan, he climbed the fence and fled several hundred yards across a field until halted by the fire of the guards. It is of no consequence that he had not completely escaped from the prison premises. The offense of escape was complete when defendant unlawfully departed from the limits of his custody with the intention of escaping

from the prison premises. (*People* v. *Sharp,* 174 Cal.App.2d 520 [344 P.2d 796] ; *People* v. *Jones,* 163 Cal.App.2d 118 [329 P.2d 37].)

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied May 29, 1962, and appellant's petition for a hearing by the Supreme Court was denied July 11, 1962.