[Crim. No. 4094. First Dist., Div. Three. Aug. 3, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. GARY P. COX et al., Defendants and Respondents.

Stanley Mosk, Attorney General, John S. McInerny and John F. Foran, Deputy Attorneys General, for Plaintiff and Appellant.

Werner D. Meyenberg, under appointment by the District Court of Appeal, and Lacey, Holbrook & Meyenberg for Defendants and Respondents.

SALSMAN, J.—This is an appeal by the People from an order dismissing an information charging defendants with a felony, to wit, violation of Penal Code section 4530, escape from a state prison.

The information alleged that at the time of the escape defendants were prisoners in the California Correctional

Training Facility at Soledad. The defendants moved to dismiss the information pursuant to Penal Code section 995 on the ground that the superior court lacked jurisdiction to try them for the offense charged. Defendants' motion was based upon the fact that they had been originally committed to the California Youth Authority, and that Welfare and Institutions Code section 1768.7 makes escape by a Youth Authority committee a misdemeanor. The People opposed the motion on the ground that defendants had been transferred by the Authority to the California Correctional Training Facility pursuant to Welfare and Institutions Code section 1755.5, and that this section of the Welfare and Institutions Code expressly makes applicable to these defendants part 3 of the Penal Code. Part 3 of the Penal Code includes section 4530 relating to escape from a state prison, the felony offense with which defendants are here charged.

Thus we again have before us the contention that a Youth Authority committee who is transferred to a prison by the Authority pursuant to Welfare and Institutions Code section 1755.5 cannot be charged with a felony upon escape from the prison to which he is transferred, but on the contrary can only be charged with the misdemeanor offense described in Welfare and Institutions Code section 1768.7. This precise question was presented to us in the recent case of *People* v. *Temple,* 203 Cal.App.2d 654 [21 Cal.Rptr. 633]* in which we held that Penal Code section 4530 was applicable to a Youth Authority committee who had been transferred to the California Correctional Training Facility at Soledad and who escaped from that institution. It follows, therefore, that the order of the trial court dismissing the information herein must be and it is hereby reversed.

Draper, P. J., and Devine, J., concurred.

---

*Hearing in the Supreme Court denied.