[Crim. No. 5779.   First Dist., Div. Three.   May 15, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. TERRY PHILIP SCHNITTSPAN et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and John P. Oakes, Deputy Attorneys General, for Plaintiff and Appellant.

George L. Nelson, Public Defender, and Robert Y. Bell for Defendants and Respondents.

DRAPER, P. J.—Does conviction of escape bar prosecution for burglary, robbery, car theft and grand theft, all committed more than 48 hours after departure from the prison camp and more than 20 miles away from that camp? That is the question on this appeal.

Respondents escaped from the prison camp at Parlin Forks October 18, 1964. On October 19 a complaint was filed charging them with escape. On October 21 the home of one Walker, located in Willits, more than 20 miles from the camp, was entered and clothing was taken. On the same day, Walker was robbed of some $200. Also on October 21 the automobile of Gail Horner was taken. On October 21, a complaint charging respondents with robbery (Pen. Code, § 211), burglary (Pen.

Code, § 459), and auto theft (Veh. Code, § 10851) was filed. Respondents were not apprehended for some time. On March 4, 1965, Schnittspan first appeared in the justice court, apparently for arraignment, but the incomplete record here does not show whether this was upon all four charges in the two complaints then pending. On March 10, the prosecution asked for two weeks continuance of preliminary examination because of the absence of a witness. Schnittspan objected and successfully sought dismissal of the robbery, burglary and auto theft counts. On March 17, Schnittspan was held to answer on the escape charge, of which he was convicted in superior court April 19. Respondent Bryant appeared in the justice court June 17, pleaded guilty to the charge of escape, and was certified to the superior court. The escape sentences of both Schnittspan and Bryant were made concurrent with the terms they were already serving. On September 24 the present complaint was filed, charging both respondents with robbery, burglary, auto theft and grand theft—auto (Pen. Code, § 487, subd. 3). Both were held to answer. Their motions for separate trials were granted. When Schnittspan's case came on for trial January 24, 1966, both defendants moved for dismissal (Pen. Code, § 654) and both motions were granted on the ground that the conviction of escape, and sentence therefor, barred prosecution of the other charges. The People appeal.

As to "An act or omission which is made punishable in different ways by different provisions" of the code, a "conviction and sentence under either one bars a prosecution for the same act or omission under any other" (Pen. Code, § 654). It is apparent, of course, that the act of escaping from the prison camp is not the same act which violates the prohibitions against robbery, burglary, and auto theft. But even though there is more than one "act," a "course of criminal conduct" which is not divisible is within the protection of section 654 (*Neal* v. *State of California,* 55 Cal.2d 11, 19-20 [9 Cal.Rptr. 607, 357 P.2d 839]). *Neal* dealt directly only with multiple punishment. But, as to the second clause of section 654 it observes that "double prosecution may be precluded even when double punishment is permissible" (*id.,* p. 21). The purpose of this rule is to avoid needless harassment and the waste of public funds when the several acts are "too interrelated to permit their being prosecuted successively." (*Kellett* v. *Superior Court,* 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206].)

Respondents argue that such interrelationship exists here because, they say, it is apparent that the taking of clothing, money, and an automobile was for the purpose of making good the escape. But the escape was complete when respondents departed from the limits of their custody (*People* v. *Temple*, 203 Cal.App.2d 654, 658 [21 Cal.Rptr. 633]), more than 48 hours and 20 miles from the time and place of the other offenses.

We find no authority on the point, probably because none has yet sought to extend the application of section 654 so far.

One who escapes has an obvious and continuing motivation to remain free of custody. He enjoys but a harassed freedom, to which every glance of recognition is a threat and the seeking of legitimate employment to earn food, clothing and transportation would be a hazard. To extend section 654 as respondents ask would extend a license to an escaped felon, for the full period he was able to keep good his escape. He could suffer but one punishment for all crimes committed while he remained free of custody, whatever the period. If convicted of his escape promptly upon his return to custody, he would be free of prosecution for other crimes, however remote and whatever their gravity, later discovered and charged.

Here, the authorities acted promptly in charging respondents with their offenses as they became known. It appears that circumstances beyond official control, and of which respondents took full advantage, prevented prosecution of the later charges simultaneously with the escape charges. We find no trace of the harassment which the rule of *Kellett* is designed to prevent. Of course, the record does not permit us here to determine whether the four pending charges might involve double punishment as among themselves.

Orders of dismissal reversed.

Salsman, J., and Brown (H. C.), J., concurred.

The petition of respondent Schnittspan for a hearing by the Supreme Court was denied July 12, 1967.