[Crim. No. 4973.   Third Dist.   Oct. 22, 1968.]

In re HENDERSON McCOY on Habeas Corpus.

Henderson McCoy, in pro. per., for Petitioner.

Thomas C. Lynch, Attorney General, Nelson P. Kempsky and Talmadge R. Jones, Deputy Attorneys General, for Respondent.

PIERCE, P. J.—Petitioner contends that on May 16, 1961, he was sentenced in violation of the proscription against multiple punishment. (Pen. Code, § 654.) Judgment was entered upon his pleas of guilty to charges of (1) escape (Pen. Code, § 4530), and (2) first degree robbery (Pen. Code, §§ 211, 211a). Sentence was imposed for both offenses.

Petitioner was an inmate of the California State Prison at San Quentin. He had been assigned to the ground crew as a gardener. While so employed, he entered one of the homes on the prison grounds occupied by an employee of the prison, his wife and their granddaughter. At the time of the entry the wife and granddaughter were present. Petitioner

brandished a knife, tied the woman up, appropriated the prison employee's clothes which he put on and demanded the keys to the family automobile. They were given to him after the woman had been thrown to the floor and after petitioner had threatened to rape her and her granddaughter. Fifteen dollars were stolen by petitioner. He then escaped in the car.

The criminal conduct here was incident to one objective, comprising an indivisible transaction. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) The robbery was a part of and intended to consummate a plan of escape. The Attorney General argues that the escape was complete upon entry into the house, i.e., petitioner had escaped, although still on the prison grounds, when he unlawfully departed from the limits of his custody with the intention to leave the prison premises. (*People* v. *Temple* (1962) 203 Cal.App.2d 654, 658-659 [21 Cal.Rptr. 633], hear. den.) We disagree, holding *Temple* distinguishable. At the time of entry petitioner's intention was a conditional one, contingent upon the success of the robbery as providing the means with which to escape. Therefore, only the more serious of the two crimes, first degree robbery, was punishable. *People v. Schnittspan* (1967) 250 Cal.App.2d 951 [59 Cal.Rptr. 93], is distinguishable. There the burglary, robbery, car theft and grand theft committed occurred more than 48 hours after the escape had been effected, using "escape" in its ordinary, as distinct from its legal sense.

The presumption of divisibility stated in *Seiterle* v. *Superior Court* (1962) 57 Cal.2d 397 [20 Cal.Rptr. 1, 369 P.2d 697], is disputable. It is controverted here as a matter of law by the facts stated. The reason for delay in seeking relief (see *In re Swain* (1949) 34 Cal.2d 300, 303-304 [209 P.2d 793]) has been adequately explained. Petitioner is indigent, lacks legal knowledge, obviously lacks even an elementary education. Exhibits accompanying the petition indicate petitioner has not been idle in attempting to bring his problems before the court. (*In re James* (1952) 38 Cal.2d 302, 309 [240 P.2d 596].)

The writ is denied, but the sentence for violation of Penal Code section 4530 (escape) is vacated and set aside. The order to show cause is discharged.

Friedman, J., and Regan, J., concurred.