[No. AO21140. First Dist., Div. Five. Nov. 25, 1983.]

In re ROBERT ZANE CURL on Habeas Corpus.

COUNSEL

John K. Van de Kamp, Attorney General, Gloria F. DeHart, Jeffrey M. Bryant and J. Patrick Collins, Deputy Attorneys General, for Appellant.

Frank W. Dice, under appointment by the Court of Appeal, for Respondent.

## OPINION

LOW, P. J.—█ In this People's appeal we are asked to determine whether Penal Code section 1170.1, subdivision (c) (former Pen. Code, § 1170.1, subd. (b)), as interpreted by *People* v. *McCart* (1982) 32 Cal.3d 338 [85 Cal.Rptr. 284, 649 P.2d 926], permits imposition of a full consecutive sentence for a second in-prison offense which was committed while the inmate was serving a concurrent term for a prior in-prison offense. The People contend that section 1170.1, subdivision (c) allows for the imposition of at least one full consecutive sentence for his second in-prison offense. They also urge that section 1170.1, subdivision (c) does not apply where the two in-prison offenses were committed in separate counties. For the reasons discussed below, we reverse the order granting habeas corpus relief.

Respondent Robert Zane Curl was originally committed to prison following a February 24, 1976, conviction for assault with a deadly weapon. (Pen. Code, § 245.) Under the Indeterminate Sentence Law (ISL), applicable at that time, the Adult Authority fixed his term at 20 years.

On April 22, 1977, respondent committed and was subsequently convicted of the second degree murder of a fellow inmate while incarcerated at the California Medical Facility, Vacaville. (Pen. Code, § 187.) His ISL term was then set at five years to life, and this sentence was ordered to be served *concurrently* with the prior assault.

After the passage of the determinate sentence law (DSL) (Pen. Code, § 1170 et seq.), respondent's term was recalculated under the DSL to be a concurrent term of six years pursuant to section 1170.2.

Six months later, while serving the concurrent sentences at the state prison in Soledad, respondent stabbed two inmates. He pleaded guilty to assault with a deadly weapon (Pen. Code, § 4501) and was sentenced to the upper base term of four years, which was ordered to run *consecutively* to the terms he was presently serving.

Relying on *People* v. *McCart, supra,* 32 Cal.3d 338, respondent petitioned the superior court for a writ of habeas corpus. He claimed that Penal Code section 1170.1, subdivision (c) requires that all subsequent terms for in-prison offenses which are ordered to be served consecutively be calculated at one-third of the middle base term as set forth in subdivision (a) of that section. Concluding that the situation in *McCart* was similar to the instant matter, the trial court granted the writ petition. In light of the difference discussed below, we read *McCart* to reject the calculation respondent espouses.

In *People* v. *McCart, supra,* 32 Cal.3d 338, the defendant was convicted of an offense while in prison and was sentenced to a *consecutive* six-year term. Two months later defendant was convicted of a second in-prison offense, possession of a deadly weapon by a prisoner (Pen. Code, § 4502), which the statute required to be served *consecutively.* The trial court imposed the full upper base term of four years to be served consecutively to the prior terms.

The defendant, McCart, argued that former Penal Code section 1170.1, subdivision (b), renumbered as subdivision (c), required that the length of consecutive terms for multiple in-prison offenses be calculated according to the principal term/subordinate term formula contained in subdivision (a). (*People* v. *McCart, supra,* 32 Cal.3d at p. 341.) The Supreme Court agreed, rejecting the People's main argument that the statute reflected a legislative intent to provide *full consecutive terms* for in-prison offenses where the sentences are imposed in *separate* proceedings. (*Ibid.*)

The People relied on the language of subdivision (c) which provided " 'the term of imprisonment for all such convictions [which such person is required to serve consecutively] shall commence from the time such person would otherwise have been released from prison.' " (*Id.,* at p. 342.) However, the court noted that this argument overlooked the last sentence of the section which read: " 'The provisions of *this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings.*' " (*Id.,* at p. 343.)

The court concluded that when these provisions were read together it called for "computation of a single term of imprisonment for all convictions of felonies committed in prison *and* sentenced consecutively, whether multiple convictions occur in the same court proceeding or in different proceedings." (*Ibid.,* italics added.) All contemporaneous, or nearly contemporaneous, consecutive in-prison offenses are to be calculated in the same manner as for nonprison offenses.

The instant matter differs from the facts in *McCart* in one important respect; here, respondent was sentenced to only one consecutive term for his second in-prison offense, not two as in *McCart.*

Penal Code section 1170.1, subdivision (c) reads as follows: "In the case of any person convicted of one or more felonies committed while such person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, *the term of impris-*

*onment for all such convictions which such person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison.* If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings.'' (Italics added.)

Giving effect to all the language in the statute (*Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 478 [156 Cal.Rptr. 14, 595 P.2d 592]), it seems clear that the Legislature intended that in-prison offenses, *sentenced consecutively,* should begin to run from the expiration of the prior term. As applied to the instant matter, the prior term reflects respondent's concurrent sentences for assault with a deadly weapon and second degree murder. It is the Legislature's intention to standardize only those in-prison offenses which are sentenced *consecutively.* Since respondent received a concurrent sentence for his first in-prison crime of murder, he was not prejudiced and does not fall within the harmonizing purpose of the statute.

This reading is consistent with the interpretation of the statute given by the *McCart* court: ''Read together these provisions call for computation of a single term of imprisonment for all convictions of felonies *committed in prison and sentenced consecutively,* whether multiple convictions occur in the same court proceeding or in different proceedings. That this term is to commence when the person would otherwise have been released emphasizes that the new term is to be fully consecutive to the term already being served: i.e., that it must commence at the end of the longest of the prisoner's previously imposed terms. [Fn. omitted.]'' (*People* v. *McCart, supra,* 32 Cal.3d at p. 343, italics added.)

Applying the foregoing rationale to the instant matter, it seems clear that the first *consecutively* sentenced in-prison offense; i.e., assault, is to be a full term which commences at the end of respondent's concurrent term. Accordingly, it was error to reduce the sentence for the in-prison assault to one-third of the middle base term; i.e., one year, instead of the four-year principal term originally imposed.

█ The People next argue that section 1170.1, subdivision (c) does not apply here since the in-prison offenses were committed in different counties. We disagree. Although the murder was committed while Curl was incarcerated at the California Medical Facility in Vacaville, Solano County, and

the more recent assault with a deadly weapon was committed while Curl was confined to the state prison in Soledad, Monterey County, it is irrelevant, as the *McCart* court pointed out, whether the convictions occurred in the same court proceeding or in different proceedings. (*People* v. *McCart, supra,* 32 Cal.3d at p. 343.) Likewise, the overriding purpose of uniformity and proportionality in prison terms would not be achieved if such terms were determined by the respondent's fortuity to have committed the crimes in the same county. (*Id.,* at p. 346.)

The order granting the petition for a writ of habeas corpus is reversed. The original sentence imposing a full consecutive term of four years remains in effect.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied December 23, 1983, and the opinion was modified to read as printed above.