[No. A022774. First Dist., Div. Three. Jan. 28, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LEE NICK, Defendant and Appellant.

COUNSEL

John Kelley for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Gloria F. DeHart and Kristofer Jorstad, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BARRY-DEAL, J.**—In this second appeal, Robert Lee Nick challenges the sentence imposed after remand for resentencing. He contends that the trial court, without justification, resentenced him to a term longer than the orig-

inal one, thereby violating the prohibition against double jeopardy, and that the trial court made other sentencing errors. We affirm.

FACTS

In January 1980, appellant had been convicted in Los Angeles County of robbery with use of a firearm (Pen. Code, §§ 211, 12022.5)[1] and sentenced to a base term of three years with a two-year enhancement. He was serving this five-year sentence at the Chamberlain Creek Conservation Camp in Mendocino County when he escaped in February 1981. Appellant broke into a vacation home and stole clothing and tools. After cutting the telephone wires at a nearby home, he presented himself as a telephone repairman to Ms. Arreguin, who was at home with two young sons, and forced his way inside. At knifepoint he stole $100 and fled in her car. After his capture, he was charged with various offenses.

Appellant pled guilty to escape (count 1, § 4530), second degree burglary (count 2, § 459), and robbery (count 3, § 211) and admitted the prior conviction; additional charges of severing a telephone wire and car theft and allegations of knife use were dismissed. The court sentenced appellant to an upper base term of five years for the Mendocino robbery, a consecutive middle term of two years for escape, an upper three-year stayed term for the burglary, and a consecutive one and two-thirds years for the unfinished portion of the 1980 Los Angeles robbery sentence, for a total of eight and two-thirds years.

In appellant's first appeal (*People* v. *Nick* (Oct. 29, 1982) A012558 (1 Crim. 22971)), our court affirmed the judgment in an unpublished opinion filed on October 29, 1982, but remanded the case to the trial court for correction of the sentence. We determined that the court had properly imposed the upper base term of five years for robbery, but that the following sentencing errors compelled remand for resentencing: (1) the aggravated term for burglary was improperly imposed where the sentence was stayed under rule 408, California Rules of Court; (2) the full, unstayed middle term for the escape violation, a subordinate consecutive term, was improper (§ 1170.1, subds. (a), (b) (now subd. (c)); *People* v. *McCart* (1982) 32 Cal.3d 338, 342-343 [185 Cal.Rptr. 284, 649 P.2d 926]); and (3) the 1980 Los Angeles conviction was improperly treated as a consecutive, subordinate term to the Mendocino robbery (§§ 4530, subd. (b), 1170.1, subd. (b) (now subd. (c))).

On resentencing in May 1983, the trial court reimposed the upper base term of five years for the Mendocino robbery and imposed the upper term

---

[1] All further statutory references are to the Penal Code.

of three years for the escape, to run concurrently with the Mendocino robbery term. Both terms were made consecutive to the prior five-year term for the Los Angeles robbery. No sentence was imposed for the burglary conviction, nor was an enhancement imposed for the prior conviction. The result was a total term of five years for the Mendocino convictions.

## DISCUSSION

### *Resentence to Longer Term*

■ Appellant contends that the court erred in resentencing him to a longer term after his first appeal than was originally imposed. We reject this claim for two related reasons. First, the premise of appellant's argument involves calculations which include the five-year sentence imposed in 1980 for the Los Angeles robbery. This portion of what has now become appellant's total prison sentence was imposed for a crime totally unrelated to the present proceedings (that is, to the first appeal and to this appeal) and therefore cannot be used as a basis for this claim. When this five-year figure is removed from appellant's mathematics, it becomes apparent that upon resentencing in fact he received a shorter prison term for the present offenses than was previously imposed. (The first sentence for these offenses was: count 3, robbery, five years, plus count 1, escape, consecutive two years, equals seven years. The second sentence was: count 3, robbery, five years, plus count 1, escape, three years *concurrent,* equals five years.)

■ Second, even if we accept appellant's contention that he has been sentenced to a longer term the second time, this result is permissible where, as here, the first sentence was "not authorized by law." (*In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13].) Here the first sentencing court pronounced an unauthorized sentence when it treated the 1980 sentence as a subordinate term, and we so held in the first appeal. (*People* v. *Nick, supra,* A012558 (1 Crim. 22971) [unpub. opn.], p. 16.)
■ "Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People* v. *Serrato* (1973) 9 Cal.3d 753, 764 [109 Cal.Rptr. 65, 512 P.2d 289], fn. omitted, disapproved on another ground in *People* v. *Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144].)

■ A different rule applies in cases where the original judgment and sentence are authorized and within the court's jurisdiction but are simply incorrect or erroneous for some other reason, such as violation of section 654. There the new sentence cannot exceed the old. But decisions which seem to apply that rule to cases such as the one at bench are incorrect, and

we decline to follow them. (E.g., *People* v. *Savala* (1983) 147 Cal.App.3d 63, 67 [195 Cal.Rptr. 193].) "[A] defendant who successfully attacks a judgment which is in excess of the court's jurisdiction is not necessarily entitled to claim the protection of that invalid judgment as an absolute limitation upon what the court may do thereafter." (*People* v. *Serrato, supra,* 9 Cal.3d at p. 765; see also *In re Eugene R.* (1980) 107 Cal.App.3d 605, 618, fn. 8 [166 Cal.Rptr. 219].)

### *Principal and Subordinate Terms*

■ Appellant suggests that the term imposed for the 1980 Los Angeles robbery should be treated as the principal term and that all terms arising out of the present action should be treated as subordinate terms. This result is barred by the trial court's imposition of consecutive terms and by section 1170.1, subdivision (c) (formerly subd. (b)), as interpreted by the Supreme Court in *People* v. *McCart, supra,* 32 Cal.3d 338. (See also *In re Curl* (1983) 149 Cal.App.3d 236 [196 Cal.Rptr. 766]; Greer & Rosen, The Felony Sentencing Manual (1984) p. 1-6.) We, of course, are bound to follow the decisions of our high court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

■ Appellant urges that section 1170.1, which speaks in terms of persons confined to "state prison," does not apply to him because he was confined at a conservation camp.[2] In light of the fact that appellant was originally committed to the Department of Corrections in 1980, and was delivered to the custody of the director of that department at that time, he is properly treated as a prisoner confined to state prison under statutes which proscribe acts performed while so confined. (*People* v. *Pitcock* (1982) 134 Cal.App.3d 795, 802-805 [184 Cal.Rptr. 772].)

### *Section 654*

■ Appellant claims that the Mendocino robbery was to effectuate his escape and that he cannot properly be punished for both crimes. (§ 654.)[3] In the case upon which he relies, the robbery and car theft occurred at the home of a prison employee on the prison grounds of San Quentin (*In re McCoy* (1968) 266 Cal.App.2d 739 [72 Cal.Rptr. 373]), not after the prisoner had completed his escape, as here. Here the crimes which followed the escape were separate and distinct from it. Furthermore, the victim in this case testified that appellant first demanded the keys to her car. She went

---

[2]Inexplicably the Attorney General does not address this and two other issues raised by appellant. The Attorney General is cautioned to avoid such oversights in the future.

[3]See footnote 2, *ante.*

to the bedroom and retrieved them. They discussed whether the victim would drive appellant somewhere, or whether he should take the car. After the latter course was decided upon, appellant asked for money. Thus the robbery of money appears to have been an afterthought, not part of an indivisible course of the escape conduct.

### Upper Term for Escape

■  Appellant contends that the court erred in imposing the upper term for the escape.[4] He correctly points out that the court erroneously used appellant's escape as an aggravating factor. But the court cited other aggravating factors (his record, his premeditation) and incorporated others by reference. Under these circumstances, the improper use of a factor was clearly not determinative, and it is not reasonably probable that a more favorable sentence would have been imposed absent the error. (*People* v. *Avalos* (1984) 37 Cal.3d 216, 233 [207 Cal.Rptr. 549, 689 P.2d 121].)

The judgment is affirmed.

Scott, Acting P. J., and Anderson, J.,* concurred.

A petition for a rehearing was denied February 22, 1985, and appellant's petition for a hearing by the Supreme Court was denied April 24, 1985. Mosk, J., was of the opinion that the petition should be granted.

---

[4]See footnote 2, *ante.*
*Assigned by the Chairperson of the Judicial Council.