Filed 3/13/23  P. v. Reyes CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>JOSE REYES,<br><br>    Defendant and Appellant. | F084388<br><br>(Super. Ct. No. DF013968A)<br><br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  David Wolf, Judge.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Levy, J. and Detjen, J.

Defendant Jose Reyes pled no contest to possession of drug paraphernalia in prison and admitted having suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law. Defendant also entered a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247, whereby he was permitted to remain free of custody until his sentencing and the trial court indicated that, if defendant obeyed all laws and appeared for sentencing, it would grant him a term of probation. Defendant failed to appear for sentencing and was convicted of another offense. Roughly three years four months later, the trial court imposed the upper term of six years in prison, consecutive to the sentence for the offense defendant committed while released on the *Cruz* waiver, and imposed a $10,000 restitution fine. On appeal, defendant contends that the trial court erred in (1) imposing a fully consecutive six-year term and (2) imposing a $10,000 restitution fine based on defendant's violation of the *Cruz* waiver (rather than the facts of the offense). The People agree on both accounts. We vacate defendant's sentence and remand for resentencing. In all other respects, the judgment is affirmed.

## PROCEDURAL SUMMARY

On December 6, 2018, the Kern County District Attorney filed a criminal complaint charging defendant with possession of heroin while incarcerated in state prison (Pen. Code, § 4573.6;[1] count 1) and possession of a "hypodermic syringe and/or spoon" while incarcerated in state prison (§ 4573.6; count 2). The complaint further alleged as to both counts that defendant had suffered a prior felony strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On December 17, 2018, the prosecutor moved to amend the complaint to also charge defendant with possession of drug paraphernalia in prison (§ 4573.8; count 3). On the same date, pursuant to a negotiated plea agreement, defendant pled no contest to count 3 and admitted the prior strike conviction, in exchange for dismissal of counts 1

---

[1]     All further statutory references are to the Penal Code.

2.

and 2. The plea agreement further provided that defendant would be released on his own recognizance, pursuant to a *Cruz* waiver, and would be granted probation if he returned on the date scheduled for sentencing and had committed no new crimes. The trial court advised defendant that if he failed to comply with the terms of the *Cruz* waiver, he could be sentenced to six years in prison.

On January 17, 2019, defendant failed to appear at the hearing scheduled for sentencing. The trial court issued a bench warrant.

On January 22, 2019, defendant made his first appearance after issuance of the bench warrant. He was again released on his own recognizance and the matter was continued for sentencing until January 29, 2019. On January 29, 2019, defendant again failed to appear, and a bench warrant was issued.

On February 10, 2022, defendant made his first appearance after issuance of the January 19, 2019 bench warrant. His appearance followed the trial court's order that he be transported from High Desert State Prison for sentencing in this matter.

On May 6, 2022, the trial court sentenced defendant to six years (the upper term, doubled due to the prior strike conviction) on count 3. The court directed that the sentence run consecutive to the six-year sentence for assault with a firearm defendant was already serving in Los Angeles County Superior Court case No. VA151384-01. The court also imposed a $10,000 restitution fine pursuant to section 1202.4, subdivision (b) and a $10,000 suspended parole revocation fine pursuant to section 1202.45.

On May 20, 2022, defendant filed a notice of appeal.

## DISCUSSION[2]

### I. Section 1170.1 and Consecutive Imposition of the Upper Term

Defendant argues the trial court erred in imposing the upper term on count 3 consecutive to the sentence in Los Angeles County Superior Court case No. VA151384-01. The People agree, as do we.

Section 1170.1 controls a trial court's imposition of consecutive sentences. Subdivision (a) explains that "when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts … the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements …." (§ 1170.1, subd. (a).) "The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed …." (*Ibid.*)

Subdivision (c) of section 1170.1 creates an exception to the general rule set out in subdivision (a) where "any person is convicted of one or more felonies committed while the person is confined in the state prison …." In that situation, if the court imposes a consecutive sentence, the consecutive sentence commences at "the time the person would otherwise have been released from prison." However, as the parties agree, "if the defendant is no longer serving a prison term at the time of sentencing for his in-prison crime, then subdivision (c) has no application." (*People v. Brantley* (2019) 43 Cal.App.5th 917, 922.) "[T]his provision does not apply once the prisoner has completed the sentence he or she was serving when the in-prison crime was committed." (*Ibid.*) Again, the parties agree, as do we, that because, at the time of sentencing, defendant was

---

**2** Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

no longer serving the sentence he was serving when he committed the possession of paraphernalia in prison offense, subdivision (c) did not apply. The court was bound to impose the sentence in this case in compliance with section 1170.1, subdivision (c).[3] It did not do so.

The trial court cited *People v. Masloski* (2001) 25 Cal.4th 1212 and *People v. Casillas* (1997) 60 Cal.App.4th 445, for the proposition that a trial court may impose a full consecutive sentence after a defendant violates a *Cruz* waiver. Neither *Masloski* nor *Casillas* stand for that proposition. Both merely confirm that a trial court may impose a higher term of imprisonment without permitting a defendant to withdraw their guilty or no contest plea if the defendant voluntarily violates a *Cruz* waiver after having been properly advised. (See *Masloski*, at pp. 1222–1224; *Casillas*, at pp. 449, 452.) Those cases do not authorize departure from the mandates of section 1170.1.

## II. Restitution Fine and Parole Revocation Restitution Fine

Defendant argues that the trial court erred in considering his failure to appear and commission of a new offense while released pursuant to a *Cruz* waiver in setting his restitution fine and suspended parole revocation restitution fine. The People agree, as do we.

### A. Additional Background

The trial court imposed a $10,000 restitution fine pursuant to subdivision (b) of section 1202.4 and a suspended $10,000 parole revocation restitution fine pursuant to

---

[3]    The trial court relied upon *People v. Nick* (1985) 164 Cal.App.3d 141, *People v. McCart* (1982) 32 Cal.3d 338, and *In re Curl* (1983) 149 Cal.App.3d 236, in the context of imposing a consecutive sentence greater than one-third the middle term. In none of those cases involving approval of a consecutive sentence exceeding one-third the middle term did it appear that the defendant had completed the sentence they were serving at the time the sentence on the in-custody offense was imposed. None of those cases therefore addressed the issue of whether subdivision (c) of section 1170.1 applies when a defendant had completed the sentence they were serving when the sentence on the in-custody offense was imposed.

subdivision (a) of section 1202.45. The court explained the reasons for setting the fine in that amount:

> "The question is what is the appropriate fine in something like this where someone has committed a new felony strike offense while out on a *Cruz* [w]aiver. I've only given a $10,000 fine twice in my career. The last—one of them was for a more significant assault. The one—the second one was for a *Cruz* [w]aiver violation where it was a new felony strike. [¶] … [¶]

> "[I]f the violation [of the *Cruz* waiver] had been minor or a misdemeanor or the [failure to appear], I think the fine should be comm[ensu]rate with the level of the violation.

> "In this case the defendant took the Court's trust and created a new felony victim. I think $10,000 is the only possible punishment that would deter the defendant and hopefully deter others when they are talking … about getting a *Cruz* [w]aiver. They'll be telling him don't mess up, you're going to get the max and slammed on the fine.

> "I am going to give him a $10,000 fine under [section] 1202.4[, subdivision ](b). That is also what I have done on a very identical case. In that case it was *Cruz* [w]aiver for eight and the defendant committed a robbery. So they're both very similar new crimes."

**B. Analysis**

In every case where a person is convicted of a crime, a trial court is required to impose a restitution fine, and a suspended parole revocation restitution fine in the same amount, between $300 and $10,000, unless it finds compelling and extraordinary reasons not to do so. (§§ 1202.4, subd. (b), 1202.45, subd. (a).) The court has discretion in setting the amount of the restitution fine and suspended parole revocation restitution fine, but they must be "commensurate with the seriousness of the offense." (§ 1202.4, subd. (b).) The "seriousness of the offense" refers to the offense for which defendant is being sentenced. "In setting the amount of the fine pursuant to subdivision (b) in excess of the [$300] minimum fine …, the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the

offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).)

We review the determination of the amount of the fine for abuse of discretion. (*People v. Lewis* (2009) 46 Cal.4th 1255, 1321.) A trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it. (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

In this case, the trial court's stated reasons for imposition of a $10,000 restitution fine and suspended parole revocation restitution fine were not related to the offense for which defendant was being sentenced, possession of drug paraphernalia in prison. Instead, the court focused exclusively on conduct entirely unrelated to the offense for which defendant was being sentenced and which occurred subsequent to defendant's offense—his violation of the *Cruz* wavier, failure to appear, and commission of a new felony offense. While we do not conclude that considering factors unrelated to the offense of commission are inappropriate in setting a defendant's restitution fine (for instance, a trial court "shall consider" a "defendant's inability to pay" (§ 1202.4, subd. (d)), the restitution fine must be "commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1).) It cannot be based exclusively upon conduct which occurred after the commission of the offense and which is unrelated to the offense. In this case, the court noted that "if the violation [of the *Cruz* waiver] had been minor or a misdemeanor or [simply] the [failure to appear]," it would have imposed a restitution fine "comm[ensu]rate with the level of the violation." Because it found the violation of the *Cruz* waiver to be more serious, it imposed a restitution fine and a suspended parole revocation restitution fine that were not commensurate with the seriousness of the

offense.  For that reason, we conclude the court abused its discretion in setting the restitution fine.[4]

## **DISPOSITION**

Defendant's sentence is vacated, and the matter is remanded to the trial court for full resentencing consistent with this opinion.  In all other respects, the judgment is affirmed.

---

[4]     Defendant also contends that the court erred in imposing a restitution fine without considering his ability to pay.  Because we vacate the restitution fine on another ground, we need not consider that issue.  Defendant may raise any inability to pay contention on remand.