[Civ. No. 18498. Fourth Dist., Div. One. Sept. 11, 1979.]

JOSEPH GEORGE PIERI III, Plaintiff and Appellant, v. DAVID H. FOX, as Real Estate Commissioner, etc., Defendant and Respondent.

COUNSEL

Joel M. Kriger for Plaintiff and Appellant.

George Deukmejian, Attorney General, Arthur C. de Goede, Assistant Attorney General, and Edmond B. Mamer, Deputy Attorney General, for Defendant and Respondent.

OPINION

**STANIFORTH, J.**—Joseph George Pieri III sought a writ of mandate (Code Civ. Proc., § 1094.5) in the superior court to annul the decision of the administrative law judge made in hearings before the Department of Real Estate, State of California (Commissioner) denying Pieri's application for real estate broker's license.[1] The trial court issued its alternative writ and upon hearing found "substantial evidence" supported the Commissioner's denial of the broker's license to Pieri. The sole basis was Pieri's plea of guilty (Oct. 1975) to a misdemeanor violation of Unemployment Insurance Code section 2101. He made a false written statement to obtain unemployment benefits. ██ Pieri appeals contending no substantial evidence supports the Commissioner's denial of a broker's license and as a matter of statutory command (Bus. & Prof. Code, § 480, subd. (b)), he cannot be denied a broker's license upon the ground stated.

I

The Commissioner's evidence consisted solely of the municipal court docket reflecting the charge made, Pieri's plea of guilty of making a false statement—a misdemeanor. The municipal court imposed no fine or other sanction on Pieri except a requirement of restitution of $229 as condition of summary probation. The record shows that upon his successful completion of the one-year term of summary probation, the conviction was set aside, a plea of not guilty entered and the charge dismissed pursuant to Penal Code section 1203.4. Pieri testified as to the factual basis for his 1975 plea of guilty. In 1974 Pieri was the resident manager of rental property and received a rental allowance plus some money for performing odd jobs. In order to obtain unemployment insurance benefits, he filed false statements consisting of signed biweekly statements in which he represented he was not being paid anything.

There was no evidence of misconduct or complaints regarding Pieri's current work as a real estate salesman. In fact, Pieri presented three witnesses who testified to his good reputation and performance as a real estate salesperson. He was a university graduate in sociology. Aside from this single transgression, his record appears without blemish.

---

[1]Pieri had since 1975 an active California real estate salesman's license. The Commissioner filed an accusation against that salesman's license. However, no discipline was imposed with respect to this accusation; therefore, no charge of error was made as to this aspect of the administrative proceeding.

Based upon this evidence, the administrative law judge found (finding IV) that Pieri "was convicted of the crime of violating Unemployment Insurance Code Section 2101 (False Statement), a misdemeanor, and a crime involving moral turpitude;" and that crime "bears a substantial relationship to the qualifications, functions, or duties of a real estate licensee" (finding V). The law judge concluded that cause existed for denial of Pieri's application "by reason of his convictions as set forth in findings IV and V above, pursuant to Sections 480 and 10177(b) of the Business and Professions Code."

## II

Business and Professions Code section 480 provides in part: "(a) A board may deny a license regulated by this code on the grounds that the applicant has one of the following:

"(1) Been convicted of a crime; or

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(3) . . . [¶] The board may deny a license pursuant to this subdivision only if the crime or act is substantially related to the qualifications, functions or duties of the business or profession for which application is made.

"(b) Notwithstanding any other provision of this code, no person shall be denied a license solely on the basis that he has been convicted of a crime if he has obtained a certificate of rehabilitation under Section 4852.01 and following of the Penal Code, and if his probation has been terminated and the information or accusation has been dismissed pursuant to Section 1203.4 of the Penal Code."

Since the Legislature rewrote in chapter 1321, Statutes of 1974, the provisions of law governing denial, suspension, revocation of a business or professions license "even a conviction can no longer support a denial or revocation of a license unless the crime is 'substantially related to the qualifications, functions or duties of the business or profession' in question. (Bus. & Prof. Code, §§ 480, subd. (a) and 490.)" (*Loder* v. *Municipal Court*, 17 Cal.3d 859, 874 [132 Cal.Rptr. 464, 553 P.2d 624].)

The Legislature in enacting Business and Professions Code sections 480, subdivision (a), and 490 intended this prohibition to prevail over

those sections of the Business and Professions Code which prescribe licensing requirements for a particular business and professional license. Section 475, subdivision (a) of the Business and Professions Code states: *"Notwithstanding any other provisions of this code,* the provisions of this division shall govern the denial of licenses on the grounds of: . . . (2) Conviction of a crime; . . ."* (Italics added.) Section 480, subdivision (b), also contains similar broad language. From the language of section 480, subdivision (a)(3), it is clear that an additional requirement must be met before any denial or suspension of a license is authorized.

Before Pieri's application for real estate broker's license could be denied, substantial evidence must be produced to support a finding that the crime he committed came within its ambit; to wit, the crime must have been *substantially related* to *his qualifications* for a real estate broker's license. Here the evidence before the law judge, without question, showed the commission of a 1974 crime involving a false statement made to procure unemployment benefits—this was a crime involving moral turpitude. (*Carey* v. *Board of Medical Examiners,* 66 Cal.App.3d 538, 541 [136 Cal.Rptr. 91]; *In re Hallinan,* 43 Cal.2d 243 [272 P.2d 768].) The record, however, before the law judge contains no evidence whatsoever to warrant the further finding required by section 480, subdivision (a)(3) that this single isolated act in 1974 "substantially related" in some rational respect to his 1978 application for a broker's license. The evidence before the law judge was without contradiction that since 1975 when Pieri was granted a California real estate salesman's license, he had performed his duties in all respects satisfactorily. The evidence was uncontradicted as to the isolated nature of his offense; he was highly regarded by persons—brokers—in his profession. In short, there is a total lack of evidence to support the finding that the misdemeanor offense committed in 1974 was *substantially related* to the 1978 qualifications of Mr. Pieri as a real estate broker. All evidence points to an opposite conclusion. In *Brandt* v. *Fox,* 90 Cal.App.3d 737 [153 Cal.Rptr. 683], the appeal court could not "condone" the conduct of Brandt—distribution of cocaine—but continued stating: "Given the isolated nature of the incident, the fact that it occurred over four years ago, the lack of any evidence that plaintiff's subsequent conduct has been other than exemplary, or that such conduct bore a substantial relationship to the qualifications, functions or duties of, or otherwise rendered him unfit to engage in, the activity for which he sought a license, we must conclude that the Commissioner's decision to deny plaintiff's application was not supported by substantial evidence." (*Id.,* at p. 747.)

The concept that conviction of a crime—a felony (here a misdemeanor)—constitutes "a disqualifying defect in moral character," which justifies permanent exclusion from an occupation, found favor among courts in times past (*Hirsch* v. *City & County of San Francisco,* 143 Cal.App.2d 313, 325 [300 P.2d 177]). However, the present requirement is that at least some reasonable relation between an applicant's qualification and his past criminal conviction be shown. (See *Morrison* v. *State Board of Education,* 1 Cal.3d 214, 234-235 [82 Cal.Rptr. 175, 461 P.2d 375]; *Perrine* v. *Municipal Court,* 5 Cal.3d 656, 663 [97 Cal.Rptr. 320, 488 P.2d 648].)

We conclude that the prohibition against denial of a real estate license enacted in 1974 in Business and Professions Code section 480, subdivision (a)(3), adds an additional factual requirement that must be supported by substantial evidence. It is in addition to the requirement authorizing a denial of a license found in Business and Professions Code section 10177, subdivision (b). Proof of commission of a crime involving moral turpitude is not enough; competent evidence must show that the present qualifications of Pieri for a broker's license is in some fashion rationally and substantially related to, affected by the earlier offense. Absence of such evidence here requires reversal.

### III

A second and further legal basis compels this conclusion, Pieri points to section 480, subdivision (b), as a plain explicit legislative command that precludes a denial of a real estate license where an applicant—such as Pieri—had had his conviction set aside, a not guilty plea entered and the charge dismissed under Penal Code section 1203.4. The Attorney General contends that despite the plain explicit language of section 480, subdivision (b), denial was nevertheless warranted by Business and Professions Code section 10177, subdivision (b), which authorizes the denial of a real estate broker's license where the applicant "has done any of the following: . . . (b) Entered a plea of guilty or nolo contendere to, or been found guilty of, or been convicted of, *a felony or a crime involving moral turpitude,* and the time for appeal has elapsed or the judgment of conviction has been affirmed on appeal, *irrespective of an order granting probation following such conviction,* suspending the imposition of sentence, or of a subsequent order under the provision of Section 1203.4 of the Penal Code allowing such licensee to withdraw his plea of guilty and to enter a plea of not guilty, or dismissing the accusation or information." (Italics added.)

Business and Professions Code section 480 is a part of division 1.5 commencing with section 475 which specifically provides that "[n]otwithstanding any other provision of this [Bus. & Prof.] code," the provisions of division 1.5 govern the denial of licenses on the basis of conviction of a crime.

Division 1.5 was added to the Business and Professions Code by chapter 903 of the Statutes of 1972. The effect of this broad enactment was to supersede those statutes regulating each individual profession in regard to denial, suspension, or revocation of a license on the basis of conviction of a crime, as for example in section 10177, Business and Professions Code.

Subdivision (b) of section 480 provides, clearly and unambiguously, that no person shall be denied a license solely on the basis that he has been convicted of a crime if he complies with certain designated requirements. (*People* v. *Rodriguez,* 222 Cal.App.2d 221, 227 [34 Cal.Rptr. 907].) There is no exception made for crimes involving moral turpitude. (*Stockton Theatres, Inc.* v. *Palermo,* 47 Cal.2d 469, 476 [304 P.2d 7]; *People* v. *Earl,* 19 Cal.App. 69, 72 [124 P. 887].) The Legislature announced a specific general rule and made no exceptions; we can make none.

We conclude the provisions of division 1.5 of the Business and Professions Code, of which section 480 is a part, supersede all other statutes regulating each individual profession with regard to denial of a license; the Department of Real Estate is not authorized to deny a real estate broker's license solely on the basis that the applicant plead guilty to a misdemeanor involving moral turpitude where such applicant has thereafter complied with the provision of subdivision (b) of section 480 of the Business and Professions Code. The Legislative Counsel of California has on two occasions (June 21, 1978—July 21, 1978) announced a similar conclusion, to wit: the all-encompassing language evidences a legislative intent that section 480, subdivision (b), prevail over section 10177 of the Business and Professions Code.

The Attorney General would, by a reference to a series of rules of statutory construction, seek an interpretation making the language of section 10177, subdivision (b)—a section applicable specifically to real estate licenses—controlling over the more general language of section 480, subdivision (b). Such statutory construction argument was found unpersuasive by the court in *Brandt* v. *Fox, supra,* 90 Cal.App.3d 737,

748. We find it equally unsatisfying in the face of the unyielding all-encompassing language of sections 475 and 480. ■ In determining legislative intent, the court turns *first* to the words themselves for the answer *(People* v. *Knowles,* 35 Cal.2d 175, 182 [217 P.2d 1]) and gives effect to the statute according to the usual ordinary import of the language employed in framing them. *(In re Alpine,* 203 Cal. 731, 737 [265 P. 947, 58 A.L.R. 1500].) We should assume the Legislature "knew what it was saying and meant what it said." *(People* v. *Rodriguez, supra,* 222 Cal.App.2d 221, 227.)

■ Business and Professions Code section 475, subdivision (a), states: "Notwithstanding any other provision of this code, the provisions of this division [1.5] shall govern the denial of licenses on the grounds of: . . . (2) Conviction of a crime. . . ." And section 480, subdivision (b), states: "Notwithstanding any other provision of this code, no person shall be denied a license . . . ."

This language leaves us in no doubt as to the legislative intent. We are not authorized to make an incursion into secondary rules of statutory construction in search of a meaning directly contrary to that clear legislative intent.

Judgment reversed and matter remanded with directions to trial court to issue the writ of mandate as prayed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied September 26, 1979, and respondent's petition for a hearing by the Supreme Court was denied November 8, 1979.