[No. A040750. First Dist., Div. One. Nov. 22, 1988.]

TERESA L. LOPEZ, Plaintiff and Appellant, v.
LINDA S. McMAHON, as Director, etc., Defendant and Respondent.

**COUNSEL**

Orrick, Herrington & Sutcliffe, James Maidson and Kathryn Doi for Plaintiff and Appellant.

Wynne S. Carvill, Jo Ann Woodsum, Nina M. Brooks and Thelen, Marrin, Johnson & Bridges as Amici Curiae on behalf of Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Chareton G. Holland III, Assistant Attorney General, Stephanie Wald and Ralph M. Johnson, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**RACANELLI, P. J.**—This appeal challenges the constitutionality of Health and Safety Code section 1596.871, an integral provision of the California Child Day Care Facilities Act, insofar as it automatically denies a license to operate a day care facility to an applicant residing with an adult convicted of a violent felony. For the reasons we explain, we find no constitutional infirmity as claimed.

## STATEMENT OF THE CASE

In 1984, appellant Teresa Lopez applied for a license to operate a child care facility (a "small family day care home") accommodating no more than six children in her own home. Her application was denied by the director of the department of social services on the ground that her husband, Robert Lopez, had been convicted of armed robbery in 1977.

Appellant requested an administrative hearing at which she presented substantial evidence of her husband's successful rehabilitation. Although the administrative law judge found that Robert Lopez was of good moral character, he nevertheless ruled that the department had no discretion to grant appellant's application. Thereafter, the department adopted the decision of the administrative law judge denying the application.

Appellant then petitioned the superior court for a writ of mandate seeking to compel the department to issue the requested license. Following the trial court's denial of the petition, this appeal ensued.

## FACTS

The facts are undisputed. In 1977, Robert Lopez was convicted of armed robbery and sentenced to a two-year term of imprisonment. Part of his sentence was served at San Quentin and, later, at a minimum security firefighting camp at Fort Bragg, California.

After his release in 1979, Robert met appellant, and they were married in 1981. They are the parents of two young children.

Robert is regularly employed as a firefighter for Marin County and, during off-duty hours, also works as a painting contractor. He is active in church activities and has coached girls' ("Bobby Socks") softball. Since his release from prison, he has had no arrests, no convictions and no disciplinary problems as a firefighter. By everyone's account, Robert is an upstanding citizen and a person of good moral character.

## DISCUSSION

The California Child Day Care Facilities Act (Health & Saf. Code, § 1596.70 et seq.)[1] provides that an application for a license or special permit to operate or manage a day care facility "shall be denied" if the applicant, any staff member or administrator, or any adult "residing in the facility" has been convicted of a crime other than a minor traffic violation. (§ 1596.871, subds. (a), (b).)

The statute authorizes the director of the department of social services to grant an exemption from such disqualification if the director reasonably believes that the applicant and the person convicted of the crime are of sufficient good character. However, no exemption shall be granted if the conviction was for specified sex offenses or any of the violent felonies enumerated under Penal Code section 667.5, subdivision (c). (§ 1596.871, subd. (e).)[2]

Robert's conviction of the crime of armed robbery, by definition, falls within the latter category of specified crimes as "any felony in which the defendant uses a firearm . . . ." (Pen. Code, § 667.5, subd. (c)(8).)

The sole question raised by appellant is whether section 1596.871 is constitutional as applied to her. We discuss the several constitutional challenges.

### I

### *Equal Protection*

 Appellant first argues that section 1596.871 irrationally discriminates against a class of applicants: those who reside with certain ex-offenders. Such disparate treatment, she contends, is not rationally related

---

[1] Unless otherwise indicated, all further statutory references are to the Health and Safety Code.

[2] Subdivision (e) provides in full: "After review of the record, the director may grant an exemption from disqualification for a license or special permit pursuant to subdivision (a), or for employment, residence, or presence in a child day care facility as specified in subdivision (c) if the director has substantial and convincing evidence to support a reasonable belief that the applicant and the person convicted of the crime, if other than the applicant, are of such good character as to justify issuance of the license or special permit or granting an exemption for purposes of subdivision (c). However, no exemption shall be granted pursuant to this subdivision if the conviction was for an offense specified in Section 220, 243.4, or 264.1, or paragraph (1) of Section 273a or 273d, or Section 288 or 289 of the Penal Code, or was a conviction of another crime against an individual specified in subdivision (c) of Section 667.5 of the Penal Code."

to the state's interest in protecting children. The argument fails to withstand critical analysis.

■ We agree with appellant that the "rational basis" test is the appropriate standard to apply in evaluating the challenged legislative classification.[3] (See, e.g., *Newland* v. *Board of Governors* (1977) 19 Cal.3d 705, 711 [139 Cal.Rptr. 620, 566 P.2d 254] [issuance of teaching credential]; *D'Amico* v. *Board of Medical Examiners, supra,* 11 Cal.3d at pp. 16-18 [issuance of medical license]; *Reece* v. *Alcoholic Bev. etc. Appeals Bd., supra,* 64 Cal.App.3d at pp. 679-681 [issuance of license to sell alcohol].) In discussing an analogous issue, this court aptly observed: "As described by the California Supreme Court in *Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765 [87 Cal.Rptr. 839, 471 P.2d 487], the rational basis test has been applied by the United States Supreme Court in the area of economic and social welfare regulation where 'the high court has exercised restraint, investing legislation with a presumption of constitutionality and requiring merely that distinctions drawn by a challenged statute bear some rational relationship to a conceivable legitimate state purpose. [Citations.]' (*Id.,* at p. 784, see, *Dandridge* v. *Williams* (1970) 397 U.S. 471 [25 L.Ed.2d 491, 90 S.Ct. 1153]; *Jefferson* v. *Hackney* (1972) 406 U.S. 535 [32 L.Ed.2d 285, 92 S.Ct. 1724].)" (*King* v. *McMahon* (1986) 186 Cal.App.3d 648, 656 [230 Cal.Rptr. 911].)

■ The purpose of the challenged legislation is manifestly valid. As appellant concedes, the statute is designed to protect the children clientele of home day care facilities from any potential risk of harm. (§ 1596.871.) The statute is rationally related to that legitimate purpose by denying a day care operator's license to applicants who were themselves convicted of certain felonies or who have working or residing on the proposed day care premises someone who was so convicted.

Appellant relies on a line of cases which involved an unconstitutional blanket denial of public employment or occupational licenses to *all* convicted felons. (See, e.g., *Brewer* v. *Department of Motor Vehicles* (1979) 93

---

[3] Amicus curiae, The Child Care Law Center, argues the strict scrutiny test should be applied because the right to pursue a common occupation is a fundamental right. The argument is unpersuasive.

It is well settled that there is no fundamental right to pursue an occupation which has technical complexity or an intimate relationship to the public interest. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 18 [112 Cal.Rptr. 786, 520 P.2d 10]; *Rittenband* v. *Cory* (1984) 159 Cal.App.3d 410, 418-419 [205 Cal.Rptr. 576]; *Reece* v. *Alcoholic Bev. etc. Appeals Bd.* (1976) 64 Cal.App.3d 675, 680-681 [134 Cal.Rptr. 698].) Here, the business of operating day care facilities for children is obviously one which is intimately related to the public interest and well within the Legislature's province to promulgate and regulate licensing requirements of day care facilities operators and managers. (See *Reece* v. *Alcoholic Bev. etc. Appeals Bd., supra,* 64 Cal.App.3d at p. 681 [liquor industry].)

Cal.App.3d 358, 368 [155 Cal.Rptr. 643] [denial of license to sell vehicles]; *Furst* v. *New York City Transit Authority* (E.D.N.Y. 1986) 631 F.Supp. 1331, 1337-1338 [denial of city employment]; *Kindem* v. *City of Alameda* (N.D.Cal. 1980) 502 F.Supp. 1108, 1111-1113 [same]; *Butts* v. *Nichols* (S.D.Iowa 1974) 381 F.Supp. 573, 578-582 [denial of state employment]; see also *Newland* v. *Board of Governors, supra,* 19 Cal.3d 705 [denial of teacher's credential to all misdemeanants]; *Thompson* v. *Gallagher* (5th Cir. 1973) 489 F.2d 443 [denial of city employment to veterans with less than honorable discharges].)

While the courts reasoned that such an absolute bar was not reasonably related to a legitimate public purpose, some felonies being unrelated to a governmental interest in trustworthiness and qualifications of employees or licensees, in each case the court recognized that a statute suitably tailored to relate the nature of the prior conviction to the qualifications or duties of the employment would not offend the equal protection clause.[4]

Appellant overlooks the critical distinction that the statute here involved does not preemptively bar *all* ex-felons. Rather, the statute is narrowly drawn to prohibit disqualification exemption only to those convicted of certain crimes, namely, crimes against children (Pen. Code, §§ 273a, subd. (1), 273d); sex offenses (Pen. Code, §§ 220, 243.4, 264.1, 288, 289, 667.5, subds. (c)(3), (c)(5), (c)(6)); crimes involving violence (Pen. Code, §§ 220, 667.5, subds. (c)(1), (c)(2), (c)(4), (c)(7), (c)(8)), or the threat of violence (Pen. Code, § 667.5, subds. (c)(8), (c)(9)).

Such narrow classification is rationally related to the legislative purpose to protect day care children against risk of harm. The Legislature could reasonably conclude in the abstract that persons convicted of certain types of crimes—whether involving children, sex offenses or crimes of violence—pose a peculiar threat to the health and safety of children being cared for at the facility.

---

[4] The Legislature has explicitly recognized this concept in providing that an occupational license regulated under the Business and Professions Code may not be denied because of a prior felony conviction unless the crime is substantially related to the qualifications, functions or duties of the profession. (Bus. & Prof. Code, § 480, subd. (a); see generally *Pieri* v. *Fox* (1979) 96 Cal.App.3d 802 [158 Cal.Rptr. 256] [denial of real estate broker's license]; *Brewer* v. *Department of Motor Vehicles, supra,* 93 Cal.App.3d 358 [denial of license to sell vehicles]; see generally *Brandt* v. *Fox* (1979) 90 Cal.App.3d 737 [153 Cal.Rptr. 683] [denial of real estate salesman's license].)

## II

### Due Process

Appellant next argues that the statute denies her substantive due process. The general principles governing a substantive due process claim have often been stated.

"The cardinal principle of substantive due process is that a law which deprives a person of life, liberty or property must not be the product of arbitrary legislative judgment. Such a law must be reasonably related to the object sought to be obtained by its enactment." (*Loska* v. *Superior Court* (1986) 188 Cal.App.3d 569, 580 [233 Cal.Rptr. 213], citing *People* v. *Armbruster* (1985) 163 Cal.App.3d 660, 664 [210 Cal.Rptr. 11].) "[T]he constitutionality of measures affecting such economic rights under the due process clause does not depend on a judicial assessment of the justifications for the legislation or of the wisdom or fairness of the enactment. So long as the measure is rationally related to a legitimate state interest, policy determinations as to the need for, and desirability of, the enactment are for the Legislature." (*American Bank & Trust Co.* v. *Community Hospital* (1984) 36 Cal.3d 359, 369 [204 Cal.Rptr. 671, 683 P.2d 670, 41 A.L.R.4th 233.)

Appellant mounts a three-pronged attack on the statute claiming there is no rational basis for the Legislature's conclusions that: 1) persons convicted of a felony using a firearm pose a threat to *children*; 2) persons convicted of a violent felony pose a *permanent* threat of harm; and 3) persons *living* at the day care facility represent a threat to the children clientele. We examine the asserted claims ad seriatim.

### A

### Threat to Children

Appellant first asserts that section 1596.871 has no rational nexus to the avowed objective of protecting children in a home day care facility since robbery with a firearm can be committed without entering a dwelling place and without involving children or infliction of bodily injury. She makes the startling assertion that a felon who used a gun presents no greater threat of harm to children in the home setting than would a convicted burglar or embezzler.

It is unnecessary to engage in a discrete factual analysis of which crimes, and under what circumstances, portend greater likelihood of harm to children. The irrefutable fact is that robbery *is* a crime of violence. By

definition, the crime of robbery involves the element of "force or fear" to accomplish a theft. (Pen. Code, § 211.) Moreover, the use of a firearm in perpetrating a robbery involves a very real threat of bodily injury. The armed assailant openly manifests a preconceived intention to shoot and presumably to kill, if necessary, in order to achieve the larcenous objective.

The legislative judgment to include as a basis of disqualification crimes involving risks of violence, together with crimes in which violent acts were actually perpetrated, represents a sound policy determination rationally related to the objective of averting potential harm to day care children.

B

*Permanent Risk*

Appellant next challenges the reasonableness of the legislative determination that, notwithstanding circumstances of rehabilitation, felons who used a firearm pose a permanent threat of harm to children.

By way of supporting analogy, appellant points to a related statutory scheme—the California Community Care Facilities Act (§ 1500 et seq.)—which authorizes an exemption from disqualification for certain classes of felonies, including felons who used a firearm. (§ 1522, subd. (e).)[5]

But the existence of an exemption enacted under a different, though related, statutory scheme does not render section 1596.871 constitutionally defective. "In the exercise of its police power a Legislature does not violate due process so long as an enactment is procedurally fair and reasonably related to a proper legislative goal. The wisdom of the legislation is not at issue in analyzing its constitutionality, and neither the availability of less drastic remedial alternatives nor the legislative failure to solve all related ills at once will invalidate a statute." (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 398 [149 Cal.Rptr. 375, 584 P.2d 512].) The Legislature is under no duty to extend an ameliorative statute to all situations within its jurisdictional reach but is free to recognize degrees of harm and to confine its regulatory scope to those cases in which the greater need is perceived. (See, e.g., *Naismith Dental Corp.* v. *Board of Dental Examiners* (1977) 68 Cal.App.3d 253, 262-263 [137 Cal.Rptr. 133] [legislative restriction of dental offices only].)

---

[5]The relevant language of section 1522, subdivision (e) is virtually identical to that of section 1596.871, subdivision (e) except that the violent felony exclusion is limited to crimes described in "paragraph (3), (4), (5), or (6) of subdivision (c) of Section 667.5 of the Penal Code." Subdivision (e) further authorizes an exemption if an "employee or prospective employee" convicted of a crime under Penal Code section 667.5, subdivision (c)(1), (2), (7) or (8), who has been rehabilitated for 10 years and has the recommendation of the district attorney, or has received a certificate of rehabilitation.

C

*Residency*

█ Finally, appellant asserts section 1596.871 is constitutionally flawed because it disqualifies an applicant who merely resides with a convicted felon even though the felon neither participates in nor oversees the caretaking of children. Appellant emphasizes that the statute permits supervised volunteers or part-time staff to have contact with the children, even if they had an egregious criminal record.[6]

But, as previously discussed, the statute is reasonably related to the legitimate objective of providing protection for day care children. Adult volunteers and part-time staff are exempted only *if* such adults are under "constant supervision" of qualified adults; and the Legislature could reasonably conclude that a resident adult would not be similarly subject to the supervision or control of the facility operator. Given the apparent difficulty, if not inability, to monitor effectively the activities of such resident adult, the Legislature acted well within its province in denying an applicant's license whenever a convicted felon lives in or about the proposed day care premises. (See *Reece* v. *Alcoholic Bev. etc. Appeals Bd., supra,* 64 Cal.App.3d at pp. 682-683 [regulation disqualifying applicant married to law enforcement official valid].) Again, no constitutional defect is demonstrated.

III

*Privacy*

█ For the first time on appeal, appellant makes the additional claim that the statute abridges her constitutional right of privacy (Cal. Const., art. I, § 1) by interfering with her right to live with her husband. █ Though it is the general rule that such a constitutional question must be raised at the earliest opportunity or be considered waived (*Hershey* v. *Reclamation District No. 108* (1927) 200 Cal. 550, 564 [254 P. 542]; *Jenner* v. *City Council* (1958) 164 Cal.App.2d 490, 498 [331 P.2d 176]), whether the rule should apply rests within the court's discretion (*Bayside Timber Co.* v. *Board of Supervisors* (1971) 20 Cal.App.3d 1, 4-5 [97 Cal.Rptr. 431]; *Cucamonga County Water Dist.* v. *Southwest Water Co.* (1971) 22 Cal.App.3d 245, 256 [99 Cal.Rptr. 557].) Because the parties have fully briefed and argued the

---

[6]Subdivision (b)(7) provides: "This section does not apply to adult volunteers or adult staff employed by the applicant on an intermittent basis for less than 10 days per month, provided that these adults are under constant supervision by adults who meet the requirements of this section."

issue, a matter of great significance, we elect to consider the merits of the belated claim.

■ Contrary to appellant's argument, section 1596.871 does not directly intrude upon matters of family life and association. It does not purport to regulate or restrict who may live with whom. And it clearly does not preclude a husband and wife from cohabiting. (Cf. *Moore* v. *East Cleveland* (1977) 431 U.S. 494 [52 L.Ed.2d 531, 97 S.Ct. 1932]; *City of Santa Barbara* v. *Adamson* (1980) 27 Cal.3d 123, 129-134 [164 Cal.Rptr. 539, 610 P.2d 436, 12 A.L.R.4th 219]; *Park Redlands Covenant Control Committee* v. *Simon* (1986) 181 Cal.App.3d 87, 95-97 [226 Cal.Rptr. 199] [restrictions on number of persons residing together]; see also *Robbins* v. *Superior Court* (1985) 38 Cal.3d 199, 212-213 [211 Cal.Rptr. 398, 695 P.2d 695] [regulation requiring welfare recipients to live in county housing].) The statutory restriction is imposed only on those seeking to obtain a day care license. The legislation merely disqualifies any applicant who resides with a specified class of ex-felon from being licensed to operate a child day care facility.

Any adverse effect of such disqualification upon family life is incidental and unintended, and there is no impermissible intrusion on the constitutional right of privacy. (*Schmidt* v. *Superior Court* (L.A. 32110, rehg. granted by Supreme Ct. Dec. 17, 1987, limited to Unruh Act issue [adults-only mobile home parks]); *King* v. *McMahon, supra,* 186 Cal.App.3d at pp. 658-662 [higher benefits paid to nonrelative foster care].)

In conclusion, we are not insensitive to the hardships presented by the nature of appellant's predicament. But those are matters of policy directed to the Legislature and not the courts. Because we determine that there is no constitutional infirmity in the challenged legislation in its present form, we are constrained to uphold the decision denying appellant's application for a license to operate a family day care facility.

Judgment affirmed.

Holmdahl, J., and Collins, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied February 16, 1989.

---

* Assigned by the Chairperson of the Judicial Council.