[No. B146870. Second Dist., Div. Five. Jan. 10, 2002.]

DAVID STERMER, Plaintiff and Appellant, v.
BOARD OF DENTAL EXAMINERS, Defendant and Respondent.

COUNSEL

Donahue & Mesereau, Thomas A. Mesereau, Jr., and Allison Shalinsky for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Linda L. Sun and James F. Ahern, Deputy Attorneys General, for Defendant and Respondent.

OPINION

MOSK, J.—

### INTRODUCTION

Appellant David Stermer (Stermer), a licensed dentist, appeals from the trial court's denial of a petition for writ of administrative mandate by which Stermer sought to set aside discipline imposed by respondent Board of Dental Examiners (Board).

Stermer had been convicted of Penal Code misdemeanor violations. While challenging the conviction by a petition for writ of habeas corpus and after unsuccessful efforts to continue the administrative hearing regarding proposed discipline by the Board, Stermer stipulated, in connection with the disciplinary proceeding, to the existence of the conviction and to an order of discipline by the Board. The Board then imposed the discipline provided for in the stipulation.

Thereafter, the superior court issued a writ of habeas corpus, causing the conviction to be vacated. Stermer unsuccessfully sought to have his stipulation and order for discipline set aside. The trial court denied Stermer's petition for a writ of administrative mandate to compel the Board to set aside the stipulation and order. Stermer appeals from the trial court's decision.

We affirm, holding that the trial court correctly determined that Stermer is bound by his stipulation to an administrative discipline order, notwithstanding that the conviction that was part of that stipulation was later vacated.

### BACKGROUND

Stermer holds a license to practice dentistry. He was convicted of three misdemeanor domestic violence offenses (Pen. Code, §§ 240, 242, 243, subd. (e)) following a jury trial in Orange County Municipal Court.

In 1996, the Board filed an accusation against Stermer alleging that the criminal conviction, as well as illegal possession and use of drugs, subjected Stermer's license to discipline under Business and Professions Code sections 1670, 1670.1, and 1681, subdivision (a).

After two continuances and several changes of counsel by Stermer, the Board set the administrative hearing on the accusation for August 26-27, 1997. On August 19, 1997, Stermer collaterally attacked his criminal conviction by filing a petition for writ of habeas corpus in the Orange County Superior Court. Stermer alleged that his counsel provided ineffective assistance by not making him aware of the possibility of a diversion program and that the prosecutor committed prejudicial misconduct.

On August 20, 1997, Stermer filed a motion with the presiding judge of the Office of Administrative Hearings to continue the administrative hearing on the ground that he had filed a petition for writ of habeas corpus. The administrative judge denied the motion.

On August 23, 1997, Stermer, who was represented by counsel, entered into a stipulation in settlement and decision in which he admitted that "cause exists for discipline of his license pursuant to Business and Professions Code section 1670 and 1670.1, in that on or about July 6, 1996, he was convicted of assault, battery and battery against a non-cohabiting person as alleged in paragraph five of the Accusation. . . ." The stipulation further provided that "[b]ased upon the foregoing . . . the Board may issue" an order revoking Stermer's license, with such revocation being stayed and Stermer being placed on five years' probation on certain terms and conditions. The order required Stermer to pay the Board's investigation and enforcement costs in the amount of $8,538.21. Also, in the stipulation, Stermer expressly waived his right to a contested hearing on the accusation and related rights, including the rights to seek "reconsideration, review by the superior court, and appellate review."

On November 20, 1997, the Board accepted the stipulation and revoked Stermer's dental license, stayed the revocation, placed him on five years' probation (subject to various conditions), and required him to pay the stipulated costs of the investigation and enforcement.

· The deputy attorney general assigned to the case against Stermer stated in a declaration that she had intended to invoke both the criminal conviction and the drug allegations at the scheduled hearing and that counsel for Stermer was aware of her intentions. She also stated that she rejected a proposal by Stermer to include in the stipulation a term that the settlement

and any decision based on it would be void if the court issued a writ of habeas corpus.

On September 10, 1998, an Orange County Superior Court judge granted Stermer's petition for writ of habeas corpus and remanded the case to the municipal court to vacate the conviction. On February 18, 1999, the criminal case was dismissed. Thereafter, Stermer filed motions to void the Board's order of discipline and to rescind and withdraw from the settlement agreement with the Board. The Board denied the motions.

Stermer then filed a petition for writ of mandate with the Los Angeles Superior Court against the Board under Code of Civil Procedure section 1094.5 seeking a writ to compel the Board, in effect, to vacate its order regarding Stermer's license. The trial court denied the petition. It found that an independent review of the administrative record supported the Board's order and that Stermer failed to show that he executed the stipulated settlement under any mistake. The trial court said Stermer "was aware of the true facts at the time that he executed the stipulation."

The trial court entered the judgment on October 17, 2000, and Stermer has appealed. Stermer contends that because his criminal conviction was vacated after he stipulated and agreed to the Board's order of discipline, that order should be rescinded. He asserts that the stipulation was entered into on the basis of a mutual mistake that there was a criminal conviction, which conviction, because of the writ of habeas corpus and order to vacate, was later deemed to be nonexistent. He further invokes equitable principles and former Penal Code provisions that precluded using arrest records to deny a license.

## DISCUSSION

In administrative mandamus generally we review the record to determine whether the trial court's judgment is supported by substantial evidence. (*Green v. Board of Dental Examiners* (1996) 47 Cal.App.4th 786, 795-796 [55 Cal.Rptr.2d 140].) If, however, the evidence is undisputed, not subject to conflicting inferences and thus involves only an issue of law, then we apply our independent judgment regarding the action of the administrative agency. (*Yordamlis v. Zolin* (1992) 11 Cal.App.4th 655, 660, fn. 3 [14 Cal.Rptr.2d 225]; *Lacy v. California Unemployment Ins. Appeals Bd.* (1971) 17 Cal.App.3d 1128, 1134 [95 Cal.Rptr. 566] ["In the allocation of adjudicative functions the application of a legal principle or rule to undisputed facts is said to be a question of law for the appellate courts"].) Here, there is no dispute over the facts. The issue is when a licensee stipulates to the

existence of a criminal conviction as part of a stipulated order of discipline, should that stipulation and Board order based on the stipulation be maintained if the criminal conviction is voided. Accordingly, we use the independent judgment standard.

The Board has the implied power to enter into settlements of licensing disputes and to incorporate such settlements into formal Board orders. (*Frankel v. Board of Dental Examiners* (1996) 46 Cal.App.4th 534, 544 [54 Cal.Rptr.2d 128].) Such settlements are consistent with the public policy favoring compromises of disputes. (See *Rich Vision Centers, Inc. v. Board of Medical Examiners* (1983) 144 Cal.App.3d 110, 115 [192 Cal.Rptr. 455].)

Subject to any applicable statutory framework and the public interest, generally administrative proceeding stipulations for settlement, just as civil proceeding settlements, are governed by contract principles. (*Frankel v. Board of Dental Examiners, supra*, 46 Cal.App.4th at p. 544.) As other contracts, a stipulation for settlement may be rescinded if it was procured through fraud, duress, undue influence or mistake. (Civ. Code, § 1689, subd. (b)(1).) California law defines a mistake of fact, in part, as an "unconscious ignorance or forgetfulness of a fact past or present" or "[b]elief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed" (Civ. Code, § 1577) and a mistake of law, in part, as a "misapprehension of the law by all parties, all supposing that they knew and understood it, and all making substantially the same mistake as to the law." (Civ. Code, § 1578, subd. 1.)

Stermer suggests that the stipulation was based on the fact of the conviction and its legal consequences, which fact and law were deemed never to have existed by virtue of the vacation of that conviction. At the time of the stipulation, the conviction existed. That it was later vacated by a writ of habeas corpus (see *People v. Sumstine* (1984) 36 Cal.3d 909, 920 [206 Cal.Rptr. 707, 687 P.2d 904] ["judgment [of conviction] ceases to exist for all purposes"]) does not legally create a mistake as to its existence at the time of the settlement, especially as the parties stipulated with the knowledge that the petition for writ of habeas corpus was pending and might lead to the vacation of the conviction.

Stermer proceeded with the settlement, despite the rejection of his proposal that the stipulation and order be deemed void if the habeas corpus petition was granted. By doing so, he avoided the hearing, the allegations of drug use, and the possibility of a more severe penalty. Stipulations in administrative proceedings would not serve the purpose for which they are intended if they were voidable at the option of the licensee based on changes

of circumstances or challenges to factual recitals. (See *Smith v. State Bar* (1985) 38 Cal.3d 525, 535 [213 Cal.Rptr. 236, 698 P.2d 139]; cf. *People v. Nguyen* (1993) 13 Cal.App.4th 114, 123 [16 Cal.Rptr.2d 490] ["The rationale behind this policy (estopping defendants from withdrawing plea bargains) is that defendants, who have received the benefit of their bargain, should not be allowed to 'trifle with the courts' by attempting to better the bargain through the appellate process"]; *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1048 [57 Cal.Rptr.2d 179] [" 'The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment.' "]; *In re Crumpton* (1973) 9 Cal.3d 463, 468 [106 Cal.Rptr. 770, 507 P.2d 74] ["[C]onvictions based on guilty pleas should not be overturned lightly, particularly when the pleas have been obtained through a process of negotiation"].)

■ As noted in *Guthrie v. Times-Mirror Co.* (1975) 51 Cal.App.3d 879, 885 [124 Cal.Rptr. 577], "[w]here parties are aware at the time the contract is entered into that a doubt exists in regard to a certain matter and contract on that assumption, the risk of the existence of the doubtful matter is assumed as an element of the bargain. [Citations.] Otherwise stated, the kind of mistake which renders a contract voidable does not include 'mistakes as to matters which the contracting parties had in mind as possibilities and as to the existence of which they took the risk [citations].' "

■ Even if what occurred could be viewed as a type of mistake, it is reasonable and equitable to allocate the risk of that purported mistake to Stermer because the parties contemplated the possibility that the conviction would be vacated and the Board refused to provide for that possibility. (See Rest.2d Contracts, § 154.) Thus, "[t]he risk of the existence of the doubtful fact is . . . assumed as one of the elements of the bargain." (Rest. Contracts, § 502, com. f, p. 964; see *Raddue v. LaSage* (1956) 138 Cal.App.2d 852, 855 [292 P.2d 522].)

The Board also cites Business and Professions Code section 1670.1, under which Stermer entered into the stipulation, as supporting the Board's position. That section provides that the Board may order discipline even if relief from a criminal judgment is obtained "under any provision of the Penal Code"—not just in the event of an expungement order pursuant to Penal Code section 1203.4.[1] (Bus. & Prof. Code, § 1670.1.) Stermer's use of a writ of habeas corpus was "under" a "provision of the Penal Code." (Pen. Code,

---

[1]Business and Professions Code section 1670.1 states, in part, that the "board may order the license suspended or revoked, or may decline to issue a license, when the time for appeal has elapsed, or the judgment of conviction has been affirmed on appeal or when an order granting

§ 1473, subd. (a); see 6 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Writs, § 10, pp. 528-529.) If, under Business and Professions Code section 1670.1, the Board may impose discipline when a conviction is set aside, then it follows that such an order of discipline should remain in effect if the conviction is later set aside.[2]

It should be noted that Business and Professions Code section 480, which section has been read to supersede other inconsistent licensing statutes (*Pieri v. Fox* (1979) 96 Cal.App.3d 802, 805-806 [158 Cal.Rptr. 256]), allows a board to deny a license, inter alia, following a conviction of a crime, "irrespective of a subsequent order under the provisions of Section 1203.4 of the Penal Code. . . . only if the crime or act is substantially related to the qualifications, functions or duties of the business or profession for which application is made." (See also Bus. & Prof. Code, § 7.5.) It also provides that a license shall not be denied if certain rehabilitation criteria have been met. Here, we do not deal with the denial of a license or Board discipline based on a conviction, but rather discipline based on a stipulation.

Stermer contends that because his conviction was vacated, he would have been eligible for a diversion program, the successful completion of which would, he claims, have precluded Board discipline, and that somehow what the Board did was the equivalent of relying on an arrest. Here, there was no diversion order and no existing fact or law of which Stermer was unaware when he entered into the stipulation. The Board did not rely on an arrest record, but rather upon the stipulation. (See also Bus. & Prof. Code, §§ 1670.1 [permitting the Board to impose discipline "irrespective of a subsequent order under any provision of the Penal Code"], 492 [completion of a diversion program does not preclude discipline, even if based only on an arrest].)

## CONCLUSION

Stermer and the Board entered into a stipulation that resulted in the Board's disciplinary order. The existence of the conviction likely motivated Stermer to enter into the stipulation. He made the bargain at the time he was seeking to vacate the conviction. He received the benefit of the agreement and must be held to the bargain he made. Absent extraordinary circumstances, a licensee who stipulates to a disciplinary order with the licensing

---

probation is made suspending the imposition of sentence, irrespective of a subsequent order under any provision of the Penal Code, including, but not limited to, Section 1203.4 of the Penal Code, allowing such person to withdraw his or her plea of guilty and to enter a plea of not guilty, or setting aside the verdict of guilty, or dismissing the accusation, information or indictment."

[2]Because here we deal with a stipulation, we do not make any determination as to the validity of an order based solely on a conviction that is set aside.

agency motivated by the existence of a criminal conviction may not avoid that order just because that conviction is later vacated.

### DISPOSITION

The judgment is affirmed.

Turner, P. J., and Grignon, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 27, 2002. Chin, J., did not participate therein.