[No. G032879. Fourth Dist., Div. Three. June 16, 2004.]

CALIFORNIA CAREER SCHOOLS, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

COUNSEL

Peter F. Musielski for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Jacob Appelsmith, Assistant Attorney General, Silvia M. Diaz and Thomas Scheerer, Deputy Attorneys General, for Defendant and Respondent.

OPINION

MOORE, J.—On this appeal from a denial of a writ of mandate, appellant challenges respondent's determination that a truck modified for habitation must nonetheless be registered as a commercial vehicle. Respondent's interpretation of the relevant statutes, however, was not clearly erroneous, and reflected consistent, long-standing policy. We therefore agree with the trial court that respondent's administrative determination should be upheld and affirm the judgment.

I

FACTS

In December 2000, appellant California Career Schools registered a Kenworth vehicle as a motor home. The vehicle, which is 27 feet long, was originally designed as a truck on a commercial chassis, but was subsequently modified to reduce its load capacity and add living quarters. The vehicle has a convertible sofa, refrigerator, sink and microwave, and a restroom with a

shower. According to appellant, the vehicle is intended only to be used as living quarters and not to transport property or persons for hire.

Respondent Department of Motor Vehicles (DMV) concluded that the vehicle was a truck tractor with living quarters, with the primary function of drawing other vehicles, and therefore must be registered as a commercial vehicle. After an administrative hearing, appellant sought an administrative writ of mandate or writ of mandate, which was denied by the trial court.

## II

## DISCUSSION

*Standard of Review*

Appellant argues the standard of review on appeal is independent review, asserting that a "fundamental vested right" requires this higher standard. According to appellant, once an agency takes some action (such as registering a vehicle) it becomes a vested right, and any change or revocation of that status effects a vested right. Therefore, appellant argues, we must review the trial court's findings independently. Appellant confuses the standard the trial court must use to review an administrative decision with the standard we use to review the trial court.

■ The trial court's review of an administrative decision is subject to one of two standards, depending on the nature of the right involved. When a case involves a fundamental, vested right, the trial court independently reviews the administrative decision. (*Bixby v. Pierno* (1971) 4 Cal.3d 130, 143–144 [93 Cal.Rptr. 234, 481 P.2d 242].) The trial court, exercising its independent judgment, "must afford a strong presumption of correctness concerning the administrative findings, and the party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence." (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 817 [85 Cal.Rptr.2d 696, 977 P.2d 693].) If the case does not involve such a right, the trial court determines whether the administrative decision was supported by substantial evidence and whether the agency committed any errors of law. (*Bixby v. Pierno, supra,* 4 Cal.3d at p. 144.)

■ In this case, the record shows the trial court applied the independent judgment standard. This court, however, reviews the trial court's findings to determine whether they are supported by substantial evidence. (*Bixby v. Pierno, supra,* 4 Cal.3d at p. 143, fn. 10; *Machado v. Department of Motor Vehicles* (1992) 10 Cal.App.4th 1687, 1692 [13 Cal.Rptr.2d 457].) Any

pure issues of law, of course, are subject to independent review in this court. (*Stermer v. Board of Dental Examiners* (2002) 95 Cal.App.4th 128, 132–133 [115 Cal.Rptr.2d 294].)

*Entitlement to Writ*

██ Appellant argues the application of two statutes requires respondent to register its vehicle as noncommercial. Vehicle Code section 260, subdivision (a) (subsequent statutory references are to the Vehicle Code) states, in relevant part: "A 'commercial vehicle' is a motor vehicle of a type . . . designed, used, or maintained primarily for the transportation of property." Section 362 defines a "house car" as "a motor vehicle originally designed, or permanently altered, and equipped for human habitation, or to which a camper has been permanently attached . . . ." Section 260, subdivision (b) states a house car is not a commercial vehicle.

According to a declaration submitted by respondent's Assistant Chief of Registration Policy and Automation Branch in the trial court, the term "commercial vehicle" is often misperceived. "It is a misnomer in certain ways. Vehicle Code Section 260 defines a commercial vehicle as a vehicle designed, used, or maintained primarily for the transportation of property. A commercial vehicle does not mean it is used in business. Commercial is a term that refers to the design of the vehicle."

In 1992 and again in 2001, respondent issued a policy regarding truck tractors with living quarters. The 2001 memo stated "truck tractors[1] with living quarters are not housecars and must obtain commercial registration." The policy was based on the following rationale: "This policy is based on the primary design or function of a commercial vehicle, a truck tractor and a housecar. A truck tractor is a motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn. The addition of living quarters to a truck tractor does not permanently alter the vehicle for human habitation. The living quarters are secondary or incidental to the primary function of the vehicle, which is still drawing other vehicles. Therefore, these vehicles must be registered as commercial vehicles."

According to appellant, by deeming the vehicle in question commercial, respondent is reading out the "permanently altered" language in section 362 and concluding that a vehicle originally designed as a commercial vehicle can never be "permanently altered" and therefore designated a house car. On its

---

[1] Section 655, subdivision (a) defines a "truck tractor" as "a motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load, other than a part of the weight of the vehicle and the load so drawn."

face, this argument must be rejected. There is nothing in the record indicating a policy by respondent that no commercial vehicle can ever be permanently altered to become a house car. Indeed, the record indicates to the contrary. Respondent's 1992 memo on the subject states: "A camper permanently attached to a pickup alters the pickup from its original design, and it may be registered as a housecar. Although a motorhome or pickup with a camper can tow another vehicle, it is not the vehicle's primary design and is secondary or incidental to the human habitation design of the vehicle."

█ Thus, respondent is merely interpreting the statute; it is not ignoring or altering section 362. Respondent is apparently using the standard of whether a class of vehicles is primarily designed or altered for habitation, or whether habitation is merely incidental, to determine whether that class of vehicles should be registered as commercial or noncommercial. Appellant offers nothing to show this interpretation is contrary to the language of the statutes in question or the legislative intent behind their adoption. █ While we are not bound by respondent's interpretation of the relevant statutes, such interpretations are entitled to deference when the agency rendering them has special knowledge and expertise, and when circumstances indicate the agency is probably correct. (*Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 12 [78 Cal.Rptr.2d 1, 960 P.2d 1031].).)

Peter Camm, a California Highway Patrol Sergeant working in respondent's Commercial Vehicle Section in Sacramento, submitted a declaration in the trial court. He stated: "I have inspected literally thousands of trucks and other commercial vehicles. Many truck tractors had more elaborate living quarters than the one in the pictures of the vehicle in this case. [¶] . . . The vehicle in the pictures, filed in this case, is definitely a commercial vehicle . . . . I would issue a citation to the driver or owner if I saw it operating on a highway with non-commercial license plates." Attached to Camm's declaration is a California Highway Patrol informational bulletin that discusses this issue in the context of recreational vehicles used in motorsports. The bulletin states: "A motor vehicle with a large sleeper berth registered in another state as a recreational vehicle, towing a semitrailer and used in motorsports, would be considered a truck tractor as defined in the Vehicle Code." Taken together with the memos respondent issued in 1992 and 2001 regarding this issue, respondent's stance on this issue demonstrates it is informed by its expertise in this area and consistent with the relevant statutes. The trial court did not, therefore, err in denying appellant's petition.

## III

## DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

Sills, P. J., and Fybel, J., concurred.