[No. B003056. Second Dist., Div. Four. Oct. 16, 1985.]

In re ESPERANZA G., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
ESPERANZA G., Defendant and Appellant.

**COUNSEL**

Joseph J. Marzalec, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt W. Clinton, County Counsel, and Kenneth E. Reynolds, Deputy County Counsel, for Plaintiff and Respondent.

Paul M. Davis, under appointment by the Court of Appeal, for Jose G. and Francisca G.

**OPINION**

**KINGSLEY, Acting P. J.**—In 1979 the minor, then 11 years old, was made a ward of the court on a petition alleging that she had been sexually abused by her stepfather. She was placed in a foster home. She has remained in that home ever since, through a series of periodic reviews of her case. In each instance she had expressed strong opposition to being returned to the home of her mother and stepfather. On the last occasion, the trial judge found that there was no longer any danger to her of molestation and, after a continuance, and over the minor's opposition, ordered the dependency proceeding terminated and the minor returned to the parental home. She has appealed; we reverse.[1]

---

[1]We have issued a writ of supersedeas, so that the minor is still in the foster home.

■ In making the order now before us, the trial judge regarded herself as bound by section 364 of the Welfare and Institutions Code, subdivisions (a) and (c), which read as follows: "(a) Every hearing in which an order is made placing a minor under the supervision of the juvenile court pursuant to Section 300 and in which the minor is not removed from the physical custody of his or her parent or guardian shall be continued to a specific future date not to exceed six months after the date of the original dispositional hearing. The continued hearing shall be placed on the appearance calendar. The court shall advise all persons present of the date of the future hearings, of their rights to be present, and to be represented by counsel.

"(c) After hearing any evidence presented by the probation officer, the parent or the minor, the court shall determine whether continued supervision is necessary. The court shall terminate its jurisdiction unless the probation department establishes by a preponderance of evidence that the conditions still exist which would justify initial assumption of jurisdiction under Section 300." The minor here relies on paragraph (4) of subdivision (b) of section 361 of that code, which directs placement outside of the parental home where: "(4) The minor has been sexually abused and there are no reasonable means by which the minor can be protected from further sexual abuse without removing the minor from his parent or guardian or the minor does not wish to return to his parent or guardian."

We regard section 361 as controlling here. This minor, now almost 18 years of age, has grown up, and is going to school, in a happy environment. To remove her from that situation into a home, strange to her and in which (a social worker's view notwithstanding) she will always fear a repetition of her youthful experience is contrary to the very purpose of the juvenile court law. This minor meets both of the conditions for foster home placement set out in section 361; she does not meet the provisions of section 364, which section is limited to cases in which no removal of a child from the parental home took place but supervision in the home has, from the start, been deemed adequate for the child's protection. To remove *supervision* under section 364 does not involve the trauma of taking a child out of a familiar and happy foster home and away from its classmates and friends into a strange house, with strange schoolmates, and into an environment haunted by fear of another series of sexual abuses. As we have said above, the order here before us *flies in the face of the statute and of the purposes of the juvenile court act.*[2]

---

[2]We note with interest that the county counsel not only expressly refused to object to the supersedeas but also filed a statement expressing his opposition to the order herein appealed from.

The order under appeal is reversed.

McClosky, J., and Ringer, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.