[No. D039102. Fourth Dist., Div. One. Mar. 28, 2002.]

In re N. S., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
S. S., Defendant and Appellant.

**COUNSEL**

Pierce M. Kavanagh, under appointment by the Court of Appeal, for Defendant and Appellant.

John J. Sansone, County Counsel, Susan Strom, Chief Deputy County Counsel, and Kathryn E. Krug, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**McDONALD, J.**—S. S. appeals the juvenile court's order at the six-month review hearing that continued its jurisdiction of his minor daughter, N. S. He contends the court did not make factual findings that returning N. S. to his

custody would cause substantial risk of detriment to her and therefore it erred by continuing its jurisdiction. Because we conclude there was no evidence to support continued juvenile court jurisdiction, we reverse the order.

### FACTUAL AND PROCEDURAL BACKGROUND

The San Diego County Health and Human Services Agency (the Agency) removed N. S. from her parents' care in November 2000 and filed a Welfare and Institutions Code[1] section 300 petition on her behalf, alleging she was at risk of harm after her cousin was injured while in S. S.'s care. In March 2001 the court made a true finding on the section 300 petition, removed N. S. from her parents' custody, placed her with her mother, G. S., ordered S. S. not to reside in the home, and ordered reunification services.[2] At the September 2001 six-month review hearing, the court allowed S. S. to return home without supervision, but continued its jurisdiction of N. S.

### DISCUSSION

### I

 The Agency contends S. S. has waived his right to challenge the court's order on appeal because he submitted to the Agency's recommendations to continue jurisdiction.

 Ordinarily, submitting "on a social worker's recommendation dispels any challenge to and, in essence, endorses the court's issuance of the recommended findings and orders. Consequently, a parent who submits on a recommendation waives his or her right to contest the juvenile court's decision if it coincides with the social worker's recommendation." (*Steve J. v. Superior Court* (1995) 35 Cal.App.4th 798, 813 [41 Cal.Rptr.2d 731], citing *In re Richard K.* (1994) 25 Cal.App.4th 580, 590 [30 Cal.Rptr.2d 575].) Although a parent who submits on a particular report or record acquiesces to the evidence, the parent preserves the right to challenge the sufficiency of the evidence to support a particular legal conclusion. (*In re Tommy E.* (1992) 7 Cal.App.4th 1234, 1237 [9 Cal.Rptr.2d 402].) "Thus, the parent does not waive for appellate purposes his or her right to challenge the propriety of the court's orders." (*In re Richard K., supra,* 25 Cal.App.4th at p. 589.)

 Here, there is no evidence S. S. submitted on the recommendations. He specifically contested the recommendation that he had to be supervised

---

[1] All statutory references are to the Welfare and Institutions Code.

[2] We affirmed the jurisdictional and dispositional orders in a nonpublished opinion. (*In re N. S.* (Mar. 26, 2002, D037729).)

with N. S. if he returned home. He did not agree with the recommendation to continue jurisdiction or state he submitted to the recommendations. The Agency was the only party who submitted. He has not waived his right to raise this issue on appeal.[3]

## II

■■■ S. S. contends the court improperly retained jurisdiction of N. S. because there was no evidence she would suffer detriment if she remained in S. S.'s care. He assumes the court held a review hearing under section 366.21, subdivision (e).

■■ In any matter in which a minor has been declared a dependent, the court must hold review hearings. (Cal. Rules of Court, rule 1460(a).)[4] If a minor has been removed from parental custody and remains out of custody, the court holds a six-month review hearing under section 366.21, subdivision (e). At the disposition hearing, N. S. was removed from her parents' custody under section 361, subdivision (c) but at the same time was returned to G. S.'s custody. She remained in G. S.'s custody at the six-month review hearing. Therefore, the court could not have held a review hearing under section 366.21, subdivision (e).

Section 364 authorizes review hearings in juvenile dependency matters when a minor is not removed from parental custody. One case has held that section 364 applies only to minors who have never been removed from parental custody. (*In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1493 [285 Cal.Rptr. 374], disapproved on other grounds by *In re Chantal S.* (1996) 13 Cal.4th 196, 204 [51 Cal.Rptr.2d 866, 913 P.2d 1075].) In so holding, the *In re Sarah M.* court performed no analysis, instead citing *In re Esperanza G.* (1985) 173 Cal.App.3d 358 [218 Cal.Rptr. 827]. *In re Esperanza G.*, however, merely quoted section 364 and did not analyze whether it applied to minors who have been removed from, but are returned to, parental custody.

Section 364, subdivision (a) provides: "Every hearing in which an order is made placing a child under the supervision of the juvenile court pursuant to Section 300 and in which the child is not removed from the physical custody of his or her parent or guardian shall be continued to a specific future date not to exceed six months after the date of the original dispositional hearing." Presumably, the *In re Sarah M.* court relied on the language "in which the child is not removed" when it stated section 364 applied only when a minor has never been removed from parental custody.

---

[3]In any event, we have the discretion to hear waived issues. (*Lopez v. McMahon* (1988) 205 Cal.App.3d 1510, 1520-1521 [253 Cal.Rptr. 321].)

[4]All rule references are to the California Rules of Court.

We do not read the statute so narrowly. As discussed above, in any case in which the court has declared a minor a dependent, the court must conduct review hearings under either section 364 or section 366.21. (Rule 1460(a).) If section 366.21 does not apply, then section 364 must.[5] By interpreting section 364 narrowly, the *In re Sarah M.* court has left a gap in the statutory scheme. Unless section 364 applies, there is no statute governing the court's review hearings for a minor who has been removed from, but is subsequently placed back in, parental custody. To the extent *In re Sarah M.* holds to the contrary, we disagree with it.

Under section 364, subdivision (c), the court "shall determine whether continued supervision is necessary. The court shall terminate its jurisdiction unless the social worker . . . establishes by a preponderance of evidence that the conditions still exist [that] would justify initial assumption of jurisdiction under Section 300, or that those conditions are likely to exist if supervision is withdrawn." S. S. challenges the sufficiency of the evidence supporting the court's decision not to terminate jurisdiction.

In reviewing the sufficiency of the evidence on appeal, we look to the entire record for substantial evidence to support the findings of the juvenile court. (*In re Baby Boy L.* (1994) 24 Cal.App.4th 596, 610 [29 Cal.Rptr.2d 654]; *In re Jason L.* (1990) 222 Cal.App.3d 1206, 1214 [272 Cal.Rptr. 316].) Evidence sufficient to support the court's finding must be reasonable in nature, credible, and of solid value; it must actually be substantial proof of the essentials that the law requires in a particular case. (*Constance K. v. Superior Court* (1998) 61 Cal.App.4th 689, 705 [71 Cal.Rptr.2d 780].)

The court assumed jurisdiction of N. S. because her cousin had been nonaccidentally injured while in S. S.'s care. The issue at the jurisdiction hearing, although not clear from our record here, was S. S.'s ability to

---

[5]The issue arose here because the court removed N. S. from parental custody under section 361, subdivision (c), but immediately placed her with G. S. This is an act in excess of the trial court's jurisdiction. (*In re Andres G.* (1998) 64 Cal.App.4th 476, 483 [75 Cal.Rptr.2d 285].) Because the court's dispositional order is in excess of its jurisdiction, we presume the court intended to issue an order leaving N. S. in her mother's custody and limiting S. S.'s control over her by removing him from the home. (See § 361, subd. (c)(1) [the court "shall consider, as a reasonable means to protect the minor, the option of removing an offending parent or guardian from the home"]; see also rule 1456(a)(6) [at the dispositional hearing the court may declare the child to be a dependent, permit the child to remain at home, limit the control to be exercised by a parent, and order services].) Our conclusion that the court did not intend to remove N. S. under section 361, subdivision (c) is bolstered by the fact that the court did not place N. S. in a relative's home, a foster home, a licensed care facility, a foster family agency, or a group home, which are the options after a child has been removed under section 361, subdivision (c). (*In re Andres G., supra*, 64 Cal.App.4th at p. 480.)

manage his stress and/or anger. S. S.'s April 2001 psychological evaluation stated he "may be impulsive and prone towards occasional temper outbursts." However, there is no evidence that in the six months since the court took jurisdiction of N. S., S. S. has acted impulsively or had a temper outburst.

Moreover, the evidence showed S. S. was in total compliance with his case plan. He was cooperative with the social worker and was open to the services provided to him. He had complied with all court orders and completed a parenting skills training class. He had addressed anger management techniques in individual counseling, never missed a treatment session and was amenable to therapy. His therapist reported he had shown good progress and was "making a concerted effort to integrate information learned in therapy into his daily life." She believed he could move into the home and identified no factors that left N. S. at risk if in his care. Likewise, the social worker recommended that S. S. be allowed to return home.

There is no evidence the conditions that caused the court to take jurisdiction of N. S. still existed or would exist if jurisdiction were terminated. Without that evidence, the court was required by section 364, subdivision (c) to terminate its jurisdiction.

## DISPOSITION

The September 17, 2001, order continuing jurisdiction is reversed. The trial court is directed to vacate that order and enter an order terminating jurisdiction.

Kremer, P. J., and O'Rourke, J., concurred.