Filed 1/21/14  In re J.B. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.B. et al., Persons Coming Under the Juvenile Court Law. | B249200 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>M.B.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. CK62128) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark Borenstein, Judge.  Affirmed.

Jacques Alexander Love, under appointment by the Court of Appeal, for Defendant and Respondent.

Office of the County Counsel, John F. Krattli, County Counsel, and William D. Thetford, Principal Deputy County Counsel, for Plaintiff and Respondent

Marco B. (father) appeals from the order of March 8, 2013, continuing dependency jurisdiction over J.B. (daughter) and M.B. (son) (collectively, the children), made at a review hearing pursuant to Welfare and Institutions Code section 364.[1] He contends substantial evidence does not support the finding continued jurisdiction was necessary.[2] We affirm.

## STATEMENT OF FACTS AND PROCEDURE

Daughter, born in 1999, and son, born in 2002, were born to father[3] and Y.G. (mother), who lived together.[4] Subsequently, parents separated and the children lived with mother. Parents had a history of drug or alcohol abuse, domestic violence, and criminal convictions. The family was the subject of 21 child abuse referrals from 2002 to 2011. Child welfare services, including family maintenance, family reunification, and wrap around services, were provided to the family in 2004, 2005, 2006-2007, 2008, and 2010. In a prior proceeding, the children were dependents of the court from 2006 through 2007, which terminated with an order granting parents joint legal and physical custody of the children and mother primary physical custody. The children lived with mother and visited father on Saturdays.

Mother resumed abusing alcohol. On August 30, 2011, a section 300 petition was filed, and the children were detained with mother, after mother was found to be drunk and not properly supervising the children.

---

[1]     Hereinafter, all statutory references are to the Welfare and Institutions Code, unless specified otherwise.

[2]     Respondent, Department of Children and Family Services (the Department), filed a no opposition letter in lieu of a respondent's brief, stating the Department had recommended termination of jurisdiction and, consequently, did not oppose father's appeal. (Letter, dated Sep. 30, 2013, from County Counsel to the Court.)

[3]     The court found father to be the presumed father of the children.

[4]     The children's older half-sibling also lived in the home.

On October 6, 2011, the children were declared dependents of the court based on sustained allegations under section 300, subdivision (b) that they were at substantial risk of serious harm as a result of mother's failure to adequately supervise and inability to provide regular care due to alcohol abuse. The children were placed in home of parents. Mother was ordered to participate in rehabilitation services, and father was ordered to complete six drug tests and participate in individual counseling. Father did not participate in individual counseling. The children had visits with father on weekends.

Mother was arrested on January 14, 2012. On January 20, 2012, the children were detained from her custody because she had left them with a friend without making an adequate plan for their care. A supplemental petition, under section 387, was filed.[5] On March 7, 2012, the court ordered the children released to father. On June 7, 2012, the court sustained the allegations of the section 387 petition that the previous disposition was not effective in the protection of the children. The children were ordered placed in the home of parent-father. Father was ordered to participate in services provided by Family Preservation Services, on demand consecutive drug tests, individual counseling, and conjoint counseling at the discretion of the therapist. Mother was ordered to participate in enhancement services, and she was granted monitored visits.

Father and the children lived in the home of the paternal grandmother and paternal uncle. There were prior allegations that the paternal uncle sexually abused the children. The Department's investigation of the allegations was inconclusive. Father and paternal uncle did not get along. Paternal uncle would not move out. The maternal and paternal families were in conflict with one another. Paternal grandmother stated that all the conflict created by the maternal side made it difficult to have the children in her home. She was losing patience. Father was not financially able to move into a residence of his own.

---

[5]     A supplemental petition is filed when it is alleged that the previous disposition was not effective in the protection of the child. (§ 387, subd. (b).)

Father did not get along with mother. He refused to communicate with her and did not keep her informed about the children's medical appointments and school events. He did not consistently bring the children to their visits with her. Father brought the children late to conjoint counseling with mother, causing sessions to be cancelled.

The children did well in father's custody and were happy there. Father had not had the children in his care for nine years. He completed a parenting class, began individual counseling in August 2012, and worked with Family Preservation Services. He reported he was learning how to be a parent and provide for the children. In November 2012, Family Preservation Services reported "no significant progress toward [counseling] goals. [¶] . . . [Father] shows little follow through." In February 2013, Family Preservation Services reported father had made "some progress toward goal" and recommended that "the case remain open until case plan goals are completed and family is stable with a place of their own."

Father did not believe he and mother could get along well enough to share legal custody in order to make joint decisions concerning medical treatment and education. If jurisdiction were terminated, he would continue his practice of having no contact with her.

In early 2013, the older half-sibling reported seeing father smoke marijuana and hide marijuana in father's room during a Christmas visit in father's home. The record contains no information concerning whether father complied with the June 7, 2012 order to submit to drug testing.

A review hearing under section 364 was held on March 8, 2013. The court found continued jurisdiction was necessary because conditions existed which justified jurisdiction under section 300. The court believed "mother should have the opportunity to do the conjoint counseling with [the] children as the court has ordered, and those orders have not been followed." The court ordered conjoint counseling to resume between mother and the children. Father was ordered to make sure the children are brought to conjoint counseling and to tell the social worker about all school events. The court stated, "It is very important that you [father] are not late. It will be your own

4

fault and I would have to wonder if you could follow the court's order to make sure that the children have the opportunity to have a relationship with . . . mother." "I don't think that the children will have actual conjoint if I close the case and they won't have a . . . relationship with their mother if I close with [a] family law order right now.[6] [¶] . . . [F]ather has come a long way, but I believe he is learning to be a parent, and I think the next few months will assist us in giving him whatever support that he needs to make sure that he is secure in his role as a father."

## DISCUSSION

Father contends substantial evidence does not support the order continuing dependency jurisdiction, since the children were safe in his home. We disagree with the contention.

Section 364 governs review hearing in cases where the child was removed from parental custody and subsequently is returned to the parent. (§ 364, subd. (a); *In re N. S.* (2002) 97 Cal.App.4th 167, 171-172.) "After hearing any evidence presented by the social worker, the parent, the guardian, or the child, the court shall determine whether continued supervision is necessary. The court shall terminate its jurisdiction unless the social worker or his or her department establishes by a preponderance of evidence that the conditions still exist which would justify initial assumption of jurisdiction under Section 300, or that those conditions are likely to exist if supervision is withdrawn. Failure of the parent or guardian to participate regularly in any court ordered treatment program shall constitute prima facie evidence that the conditions which justified initial assumption of jurisdiction still exist and that continued supervision is necessary." (§ 364, subd. (c).)

Section 202, subdivision (a) provides: "The purpose of this chapter is to provide for the protection and safety of . . . each minor under the jurisdiction of the juvenile court

---

[6] When the court terminates jurisdiction over a dependent child, it may issue a custody and visitation order, to be filed in family court, that will continue until modified by a subsequent order of the family court. (§ 362.4.)

5

and to preserve and strengthen the minor's family ties whenever possible . . . ." "The Legislature has further instructed that the provisions of the Welfare and Institutions Code shall be 'liberally construed' to carry out that purpose. (§ 202, subd. (a).)" (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 302.)

The determination whether continued supervision is necessary is reviewed for substantial evidence. (See *In re N. S.*, *supra*, 97 Cal.App.4th at p. 172.)

Substantial evidence supports finding that the conditions that would justify initial assumption of jurisdiction under Section 300 still exist, "or that those conditions are likely to exist if supervision is withdrawn." (§ 364, subd. (c).) The children were at high risk of abuse and neglect for many years. Services provided over the years had not succeeded in ensuring the children's safety and welfare in parental custody. Prior to the children's placement in father's home in 2012, father had not had the children in his custody for nine years. He needed to learn how to parent them. He did not begin to make progress in counseling until late 2012. At the time of the hearing, he was making "some progress" in individual therapy, but had not achieved his therapeutic goals. He was still receiving Family Preservation Services. Moreover, father's residence in paternal grandmother's home was unstable. He had not yet established security for the children. Thus, father was in the process of becoming an adequate parent who could provide a stable home, but he was not there yet. Family Preservation Services recommended keeping "the case . . . open until case plan goals are completed and family is stable with a place of their own." Uncertain ability to adequately perform the parental role, and lack of a stable home, create a substantial risk of serious harm as a result of a parent's inability or failure to adequately supervise or protect, under section 300, subdivision (b).[7] This is substantial evidence that continued court supervision was

---

[7] Section 300, subdivision (b) provides that a child comes within the jurisdiction of the court if: "The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child. . . ."

necessary for the protection of the children and to ensure the conditions justifying dependency jurisdiction were not likely to recur.  Moreover, continuing court supervision for another period of time until father becomes an adequate parent and is providing a stable home is consistent with the legislature's purpose to preserve and strengthen family ties.  Accordingly, substantial evidence supports the court's order continuing dependency jurisdiction.

## DISPOSITION

The order of March 8, 2013 is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

KITCHING, J.

ALDRICH, J.

7