Filed 3/14/23  In re A.S. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re A.S, a Person Coming Under the Juvenile Court Law. | B316735 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | Los Angeles County Super. Ct. No. 20CCJP03335 |
| Plaintiff and Respondent, | |
| G.S., | |
| Respondent; | |
| v. | |
| I.S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stacy Wiese, Judge.  Affirmed.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Adam Baumgarten, Deputy County Counsel, for Plaintiff and Respondent Los Angeles County Department of Children and Family Services.

Christine E. Johnson, under appointment by the Court of Appeal,  for Respondent G.S.

_____

I.S. appeals the juvenile court's termination of its dependency jurisdiction over his son A.S.  We affirm.  Undesignated statutory references are to the Welfare and Institutions Code.

A.S. is a child with high-functioning autism born in 2011.  His parents shared custody of A.S. after their separation and later divorce.  The Department became involved with the family after A.S. reported the father choked him and held him on the ground during a June 2020 visit when A.S. threw a tantrum because he did not want to try on pants with suspenders.  The juvenile court detained A.S. from the father and later sustained an allegation of failure to protect, finding the father had engaged in inappropriate physical discipline, and ordered services.  The father appealed the jurisdictional and dispositional orders.  We affirmed the orders in *In re A.S.* (Nov. 4, 2021, B310778) [nonpub. opn.], p. *3.

A detailed recitation of the later facts of the case is unnecessary for our analysis.  We provide a brief summary for context.

While the first appeal was pending, services for the father continued.  He had monitored visits with A.S. that were

2

"inconsistent and destructive." A.S. continued to show signs of anxiety before visits with the father. During one visit in April 2021, A.S. had his shoes on the wrong feet. The father was upset and demanded he switch them. A.S. was distraught and refused, and the father ended the visit. A social worker noted that the father's lack of knowledge and skill in interacting with A.S. "creates a hostile environment for the child" even with a monitor present. A.S. began refusing to visit the father. After a discussion with the judge in chambers, A.S. agreed to try a conjoint counseling session with his therapist and his father. The session did not go well. The father did not complete the individual therapy and parenting classes ordered by the court.

At a contested section 364 review hearing in October 2021, counsel for the Department, the mother, and A.S. all asked the juvenile court to terminate jurisdiction and grant sole physical and legal custody to the mother. The court did so. The court's final order, colloquially referred to as an exit order, specified that the father would receive monitored visits in a therapeutic setting once a month after he completed three parenting classes for children with special needs. Father appeals.

The father argues it was an abuse of discretion for the court to terminate jurisdiction. He asserts the court's supervision was necessary to ensure the ordered conjoint counseling occurred so the father and A.S. could mend their relationship, which the court found would be in A.S.'s best interest.

The father's attack, then, is on the juvenile court's termination of its dependency jurisdiction rather than the substance of its exit order.

With this in mind, we turn to the standard of review. The parties agree the applicable standard is abuse of discretion.

Though the father cites cases relating only to challenges to custody and visitation orders, the Department cites a case holding that standard applies to a "decision to terminate dependency jurisdiction." Though not addressed by either party, there appears to be a split in authority. Some appellate courts apply the abuse of discretion standard to decisions to terminate jurisdiction under section 364, while others apply a substantial evidence standard of review. (See *Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 300 [abuse of discretion standard applies]; cf. *In re N.S.* (2002) 97 Cal. App. 4th 167, 172 [substantial evidence standard applies]; see also *In re Aurora P.* (2015) 241 Cal.App.4th 1142, 1156 [noting a number of reported decisions reviewed findings pursuant to section 364 for substantial evidence].)

We need not enter the fray, however, as the father's arguments fail under either standard, if indeed there is a genuine difference between these deferential standards.

Section 364 applies when the juvenile court asserts dependency jurisdiction over a child, but the child remains in the custody of a custodial parent. (§ 364, subd. (a).) At each hearing, the juvenile court must determine if the conditions that led to the detention still exist or are likely to exist if the court ends its supervision. (§ 364, subd. (c).) If not, the juvenile court must terminate its jurisdiction. (*Ibid.*; *In re Shannon M.* (2013) 221 Cal.App.4th 282, 290 [section 364, subdivision c, creates a "statutory presumption in favor of terminating jurisdiction"].) When the court terminates its jurisdiction, it may make appropriate custody and visitation orders, which can include conditions on such rights, such as counseling. (§ 362.4, subd. (a); § 362, subd. (c); *In re Chantal S.* (1996) 13 Cal.4th 196,

4

203-204 [statutory authority extends to necessary collateral orders related to custody and visitation].)

As discussed, the father claims the juvenile court should not have terminated jurisdiction. But he does not argue the conditions that led to the court taking jurisdiction still exist or would exist if the court terminated its jurisdiction. Nor does he provide any evidence to show this is the case. Instead, the father wants the juvenile court to retain jurisdiction to ensure he has the best chance of mending his relationship with A.S. He argues that, without court supervision, the conjoint counseling ordered by the court probably will not occur. While the father's desire to rebuild his relationship is commendable, and indeed the court noted fixing the relationship would be in A.S.'s best interest, these are not factors under section 364, subdivision (c).

The juvenile court sought to ensure the father and A.S. would have the best chance at repairing their relationship by issuing the exit order it did. As the father acknowledges, if, as he fears, the order is not followed, his recourse is to go to family law court to enforce it. He argues proceedings in family law court would be damaging to A.S. but fails to explain why further proceedings in the juvenile court would have a different effect. Regardless, the father's concern about possible noncompliance does not constitute a reason to justify extension of the court's dependency jurisdiction. (*In re Chantal S.*, *supra*, 13 Cal.4th at 204 [need to impose conditions relating to visitation does not justify subjecting child to indefinite dependency jurisdiction].)

The father has raised no arguments and pointed to no evidence relevant to the standard applied by the juvenile court in terminating its dependency jurisdiction. His challenge fails.

5

## DISPOSITION

We affirm.

WILEY, J.

We concur:

GRIMES, Acting P. J.

VIRAMONTES, J.